**CRESMER v. UNITED STATES.**

Civ. A. No. 9499.

United States District Court
E. D. New York.

June 30, 1949.

Davis, Polk, Wardwell, Sunderland & Kiendl, New York City, for plaintiff. Russel S. Coutant, New York City, of counsel.

J. Vincent Keogh, United States Attorney, Brooklyn, N. Y., for the United States. Eli Resnikoff, Assistant United States Attorney, New York City, of counsel.

GALSTON, District Judge.

The matter for decision is a motion made on behalf of the plaintiff for an order directing the defendant to produce for inspection and copying by the plaintiff, the record or report of the investigation conducted by the Navy Board of Investigation of the air flight which is the subject of this action.

From the complaint it appears that the action is brought pursuant to the provisions of the Federal Tort Claims Act, Title 28 U.S.C.A. § 2671 et seq. It is alleged that an airplane, owned and operated by the defendant, crashed into premises in Bayside, Long Island, and resulted, because of the alleged negligence of the defendant, in the death of plaintiff's intestate, who was on the premises at the time of the crashing of the plane.

The answer sets up, after certain denials, an affirmative defense that the airplane was operated by an employee of the defendant, who was acting unlawfully and not within the scope of his office and employment.

The motion is opposed on the ground that the report is privileged. On the argument of the motion I said from the Bench that the Federal Tort Claims Act places the United States in respect to claims dealt with by the Act on a par with private litigants. So it was held in Wunderly et al. v. United States, D. C., 8 F. R. D., 356. However, to make sure that the report in question contained no military or service secrets which would be detrimental to the interests of the armed forces of the United States or to the National security, I requested counsel to produce the report for my examination. I have read it and I see nothing in it which would in any way reveal a military secret or subject the United States and its armed forces to any peril by reason of complete revelation.

Moreover, the very nature of the defense makes necessary for inspection the data which the plaintiff requires in the effort to sustain his case. I agree entirely with the reasoning of Judge McGranery in Wunderly et al. v. United States, supra. See also O'Neill v. United States et al., D. C., 79 F.Supp. 827, and Bank Line, Ltd., v. United States, D. C., 76 F.Supp. 801. Though the last two cases referred to arose in admiralty, the principle involved applies in this case. Nor is there any statutory bar.

In the absence of a showing of a war secret, or secret in respect to munitions of war, or any secret appliance used by the armed forces, or any threat to the National security, it would appear to be unseemly for the Government to thwart the efforts of a plaintiff in a case such as this to learn as much as possible concerning the cause of the disaster.

The motion is granted. Settle order on notice.