**SLIFKA FABRICS, Plaintiff,**

v.

**PROVIDENCE WASHINGTON INSURANCE COMPANY, Defendant.**

United States District Court
S. D. New York.
June 28, 1956.

Arnold R. Krakower, New York City, for plaintiff.

Rein, Mound & Colton, New York City, Stanley N. Ohlbaum, New York City, of counsel, for defendant.

LEVET, District Judge.

Motion had been made by the plaintiff under Rule 34 of the Federal Rules of Civil Procedure, 28 U.S.C.A. to require the defendant to produce for inspection and copy certain documents which are within the custody and control of the defendant. The documents involved include a memorandum of a conference in respect to plaintiff's claims held at the defendant's office on April 9, 1952, reputedly prepared by one Harold C. Ott, employed by the Claims Department of the defendant; letters of the defendant to William M. Mortimer & Co. and letters from William M. Mortimer & Co. to the defendant and papers enclosed with such letters. William M. Mortimer & Co. were conducting investigations of this case under the direction and control of the defendant's attorneys in accordance with the orders of the attorneys. These documents, it would appear, are either matters privileged as communications between defendants and its counsel or relate to the method of handling of the case or relate to the work product of defendant's attorneys directing such investigative activities in the course of the preparation of the defense. All are dated and were prepared subsequent to the date of the occurrence alleged in the complaint and appear to deal only with defense litigation preparations. Consequently, they clearly constitute defendant's attorneys' work product in preparing legal defense to this action. See Hickman v. Taylor, 329 U.S. 495, 67 S.Ct. 385, 91 L.Ed. 451.

It may be stated that the defendant's counsel have permitted the Court to examine the documents in question, and such examination confirms the position taken by defendant.

Accordingly, the motion is denied. Settle order on notice.