Helen E. SNYDER, individually and as Administratrix of the Goods, Chattels and Credits of Frank J. Snyder and Geraldine Edna Snyder, an infant, by Helen E. Snyder, her guardian ad litem, Plaintiffs,

v.

UNITED STATES of America, Defendant.

Civ. A. No. 14782.

United States District Court
E. D. New York.

Dec. 10, 1956.

**8**

Townley, Updike, Carter & Rodgers, New York City, for plaintiffs. John J. Macchia, New York City, of counsel.

Leonard P. Moore, U. S. Atty. for the Eastern District of New York, Brooklyn, N. Y., Joseph F. Soviero, Jr., Brooklyn, N. Y., of counsel.

BRUCHHAUSEN, District Judge.

The plaintiff, pursuant to Rule 37 of the Federal Rules of Civil Procedure, 28 U.S.C.A., moves to strike out the answer and for incidental relief upon the ground that the defendant failed to produce hearing records of the Aircraft Accident Board and the records of the repairs, inspections and maintenance of the airplane, alleged to have caused damage to the plaintiffs. The Government consents to furnish the records of the repairs but resists the production of the Accident Board records.

The plaintiff's position is that the said records were ordered produced by the decision of this Court, dated March 28, 1955. The substance thereof was that all documents containing military secrets were privileged and that the Court would examine the documents and determine whether the claim of privilege was properly founded. Thereafter various documents were furnished to the plaintiff, other than the subject records.

The subject records are statements of witnesses, obtained by investigators for the Government, for use in connection with claims or suits against it, arising out of the airplane accident, described in the complaint. The procedure for obtaining this information is set forth in the Regulations of the Air Force, known as No. 62–14, later referred to.

The principal question is whether an attorney for a litigant is obligated to furnish to his adversary information obtained by him or his representatives or agents in the course of preparation of his client's case for trial, in other words, whether the attorney for one party is entitled to procure or copy the files of the attorney for his adversary, i. e., "the 'work product' " of such attorney. That expression is mentioned in Hickman v. Taylor, 3 Cir., 153 F.2d 212, 223, affirmed in 329 U.S. 495, 67 S.Ct. 385, 91 L.Ed. 451 and in Alltmont v. United States, 3 Cir., 177 F.2d 971.

A preliminary consideration is whether the subject records were the "work product" of the attorney for the defendant. The United States Attorney is charged with the function of defending suits against the Government, which includes the Executive Branch. One of the divisions of the latter is the Air Force. For administrative reasons, the United States Attorney does not maintain a force of investigators for each of the Government's subdivisions. Each of these agencies, sets up procedures for investigation of claims and, whenever necessary, the information is channeled to the United States Attorney. Regulation 62–14 provides for various types of investigations of airplane accidents, one of which pertains to Flight Safety, another for use in connection with claims or litigation. The Aircraft Accident Board constitutes a group of expert personnel appointed by the Aircraft Base Commander in the area wherein the accident takes place, charged with the duty of investigating the occurrence. It is not a public inquiry.

There remains for consideration the circumstances entitling a party to the benefits of the preparation for trial, conducted by the adversary party, his attorney or agents. In the cited cases, it is made clear that the point involved is public policy and not the extension of the rule, privileging confidential communications between attorney and client. The

Circuit Court of Appeals in the Hickman case held that it was contrary to public policy to require a lawyer to furnish his adversary with his "work product", i. e., statements procured by such lawyer in preparation for trial and that the public should be encouraged to make full disclosure of information to their advisers and others concerned with litigation.

The Supreme Court, in affirming that ruling, 329 U.S. at page 512, 67 S.Ct. at page 394, said:

"But the general policy against invading the privacy of an attorney's course of preparation is so well recognized and so essential to an orderly working of our system of legal procedure that a burden rests on the one who would invade that privacy to establish adequate reasons to justify production through a subpoena or court order * * *."

The Court, 329 U.S. at page 511, 67 S.Ct. at page 394, said:

"And production might be justified where the witnesses are no longer available or can be reached only with difficulty."

In the case at bar, it appears that the names of the witnesses will be made known to the plaintiff and that they are available.

■ The fact that the subject statements were not procured by the United States Attorney or members of his staff does not deprive the defendant of the benefit of the rule. In the Alltmont case, supra, it was held that the rule against disclosure applies to statements taken by a party's counsel personally as well as to those obtained by others for the use of such counsel and that in each case the statements are obtained in preparation for litigation and ultimately find their way into the files of the trial counsel for his use in representing his client at such trial.

■ The plaintiff, under all of the circumstances, has not established good cause for invading the privacy of his adversary's preparation for trial.

The Government's presentation in opposition to this motion indicates a lack of perception of the principles involved herein, undoubtedly brought about, in part, by statements in the cited cases that the privilege accorded to confidential communications between clients and their attorneys has been extended to statements made by witnesses to attorneys, preparing for trial. As previously mentioned, the "work product" of an attorney is protected from disclosure because of public policy. Furthermore, the Government's position indicates a failure to comprehend the distinction between three other elements, pertaining to the motion, viz.:

1. The rule granting the privilege to the Government to decline disclosure of military secrets.

2. The procedure for investigating air force accidents for the purpose of improving the safety of flights.

3. The procedure for investigating accidents in preparation for claims and litigation.

■ As to item No. 1 relating to military secrets, the Government should realize that at such time as it comes before a court of law, it is subjected to and bound by the rules of law and may not, without regard to the law, arbitrarily decline to produce information upon the claim of a self-imposed restriction that it is classified information or that its disclosure would injure national security. As stated in the aforesaid earlier decision herein, if an adversary party in a pending action properly requests the information and the Government declines to respond because of alleged military secrecy, then it is obligated to submit the information or records to the Court for its determination as to whether the claim of privilege is well founded. The point is that when the matter is in litigation the Court and not a Government agency must ultimately adjudicate the question of privilege.

**10**

■ As to item No. 2, pertaining to the investigation of air flights for the purpose of improving flight safety, paragraph 18(a) of the Regulations provides that this investigation shall be conducted by the Director of Airflight Safety Research, independent of the investigation conducted by the Accident Board.

As to item No. 3, the Regulation provides for the use of Accident Board Reports in connection with claims or litigation.

The motion is denied, excepting that the repair records shall be made available.