Jack S. MACHIN, Appellant,

v.

Eugene M. ZUCKERT, Secretary of the Air Force, Appellee.

No. 16732.

United States Court of Appeals
District of Columbia Circuit.

Argued Sept. 13, 1962.

Decided Jan. 17, 1963.

Supplemental Opinion March 9, 1963.

Petition for Rehearing En Banc Denied En Banc May 13, 1963.

Mr. Harry S. Wender, Washington, D. C., with whom Mr. Jules Fink, Washington, D. C., was on the brief, for appellant.

Miss Kathryn H. Baldwin, Atty., Dept. of Justice, of the bar of the Supreme Court of Wisconsin, *pro hac vice,* by special leave of court, with whom Asst. Atty. Gen., William H. Orrick, Jr., and Messrs. David C. Acheson, U. S. Atty., and John G. Laughlin, Jr., Atty., Dept. of Justice, were on the brief, for appellee. Mr. Jerry C. Straus, Atty., Dept. of Justice, also entered an appearance for appellee.

Before WASHINGTON, DANAHER and BURGER, Circuit Judges.

WASHINGTON, Circuit Judge.

In this case appellant seeks the production of certain reports in the files of the Department of the Air Force, concerning an aircraft accident in which appellant was badly injured. The Secretary of the Air Force has asserted a claim of privilege. The present appeal is from an order of the United States District Court for the District of Columbia quashing a subpoena served on the Secretary.

The facts are set out in an opinion filed by Judge Matthews of the District Court on April 25, 1961. In re Zuckert, 28 F.R.D. 29. It is enough to say here that on May 17, 1956, a B–25 bomber of the United States Air Force took off from Lowry Air Force Base, Denver, Colorado. Shortly after take off, one of the pilots reported an overspeeding propeller. An attempt was made to return to base, but the aircraft crashed. Appellant Machin, one of the crew members, was the only survivor. After a period of hospitalization, he brought an action in the United States District Court for the Southern District of New York against United Aircraft Corporation, the manufacturer of the propeller assemblies, on the theory that the right propeller overspeeded and then failed to feather properly, this being his recollection of how the accident occurred. He then attempted to obtain the Aircraft Accident Investigative Report prepared by the Air Force immediately after the accident. He was permitted to see the report briefly but not to copy it or make notes from it.[1] Appellant thereafter demanded a copy of the report, by letter addressed to the then Secretary of the Air Force. On August 1, 1958, the Secretary's office declined to release the report, but offered to provide a list of names of witnesses who had testified before the Accident Investigation Board and enclosed a "releasable summary" of the report. Further negotiations followed. Plaintiff was not satisfied, and finally decided to subpoena the Secretary. A subpoena was issued in the New York action on December 13, 1960, and was served on the Secretary of the Air Force on or about January 28, 1961. The Secretary thereupon moved in the District Court for the District of Columbia that the subpoena be quashed. The motion was denied by Judge Matthews, for the reasons given in the above cited opinion. Judge Matthews pointed out that "no claim of privilege has been asserted or is being decided."

---

[1]. The Government now says that this inspection was beyond the authority of the official who permitted it.

Judge Matthews' order refusing to quash the subpoena was filed on May 18, 1961. On May 23 the Secretary of the Air Force filed a formal claim of privilege and moved to vacate the order of May 18. On May 26 Judge Matthews ordered that the Secretary's motion be denied "insofar as it seeks to vacate the order of May 18, 1961," but without prejudice "to the consideration and determination of so much of the motion of May 23, 1961 as seeks to quash the subpoena on the new grounds therein asserted." Thereafter, the matter came before District Judge Walsh, who, after considering "the claim of privilege submitted by the Secretary and the memoranda and affidavits submitted in support of and in opposition to the motion" ordered that the motion to quash be granted. This appeal followed.

After hearing argument, we issued the following order to show cause:

"It appearing to the court that in United States v. Reynolds, 345 U.S. 1, [73 S.Ct. 528, 97 L.Ed. 727] the United States offered to produce certain witnesses and to authorize them to testify 'regarding all matters relating to the accident except as to facts and matters of a classified nature,' and to allow them 'to refresh their memories by reference to any statements made by them before Aircraft Accident Investigating Boards or Investigating Officers, as well as other pertinent and material records that are in the possession of the United States Air Force,' see Record in the Supreme Court in that case at page 27; and it further appearing that an equivalent offer has not been made to appellant Machin; it is hereby

"ORDERED by the court that the appellee Eugene Zuckert, Secretary of the Air Force, show cause within twenty days why a similar offer should not be made to appellant Machin, namely, why appellant should not be permitted to examine by deposition any desired witnesses from the list appearing on page 41 of the Joint Appendix herein, and why the appellee should not permit any or all of such witnesses to testify as to all matters relating to the cause of the accident here involved except as to facts and matters of a classified nature, and why such witnesses should not be permitted and authorized to refresh their memories by reference to any statements made by them before Aircraft Accident Investigating Boards or Investigating Officers, as well as other pertinent and material records that are in the possession of the United States Air Force.

"Within 10 days after the service of appellee's answer the appellant may serve and file a reply. The answer and reply may be filed in typewritten or mimeographed form, and an original and six copies of each shall be submitted for filing."

The Secretary's response offered to appellant the relief described in our order. He later offered, in addition, to supply appellant with copies of some 34 photographs of the wrecked plane and its parts, from the files of the Air Force. Appellant strenuously urges that these measures of relief are not adequate. He insists that he be shown the investigative report, and in fact the entire Air Force file on the matter.

It is clear from the record before us that the Secretary's "Claim of Executive Privilege" was not an assertion of personal immunity from the judicial mandate embodied in the subpoena, but rather was an attempt to assert the privileged status of the documents in the Secretary's possession.[2] The Secretary stated:

"I have concluded that the production of the documents called for by the subpoena would prejudice the efficient operation of the Department of

---

2. The subpoena in question is subject to Fed.R.Civ.P. 26(b), which provides in part: "Unless otherwise ordered by the court as provided by Rule 30(b) or (d),

the deponent may be examined regarding any matter, *not privileged* * * *." (Emphasis supplied.)

the Air Force and the defense interests of the United States, would be contrary to the public interest, and hence would not be warranted. Accordingly, pursuant to the authority vested in me as Secretary of the Department of the Air Force, I assert the privileged status of the reports called for by the subpoena of February 1; 1961, and must respectfully decline their production. * * * "

Certain affidavits filed by the Government in the course of the proceedings below, especially a statement by the Inspector General of the Air Force, indicated with somewhat more specificity the manner in which it is believed that disclosure will be harmful to the public interest. According to the Inspector General, the Air Force's flight safety program, a major aspect of which is the investigation of accidents, has contributed greatly to a continuously decreasing rate of accidents involving Air Force planes and personnel. The success of the program depends in large part on the ability of the investigators to get full information on the cause of any accident. Lacking the power to compel testimony, the investigators encourage frank and full cooperation by means of promises that witnesses' testimony will be used solely for the purposes of flight safety and will not be revealed to persons outside the Air Force. The Inspector General went on to say that:

> " * * * if investigators were unable to give such assurances, testimony in many instances would be less than fully factual and the determination of the exact causative factors would be jeopardized, thus seriously hindering the accomplishment of prompt corrective action designed to preclude recurrences of similar accidents. Technical representatives of the aviation industry currently assisting in aircraft accident investigations could not be expected to find their company at fault if their reports could be used in actions against their companies."

Previously decided cases dealing with the question of protection to be afforded to documents in the possession of the Government do not cover the question now before us. The leading case on the subject is United States v. Reynolds, 345 U.S. 1, 73 S.Ct. 528, 97 L.Ed. 727 (1953), which also involved an Air Force accident investigation report. In that case, however, the privilege asserted was an already well recognized privilege for documents containing military or state secrets. Here no such claim is made.

We agree with the Government that when disclosure of investigative reports obtained in large part through promises of confidentiality would hamper the efficient operation of an important Government program and perhaps even, as the Secretary here claims, impair the national security by weakening a branch of the military, the reports should be considered privileged. Especially is that so when they are sought in connection with a litigation to which the Government is not a party and when the responsible executive official has been as cooperative as the record in this case reveals the Secretary to have been.

Insofar, therefore, as the subpoena sought to obtain testimony of private parties who participated in the investigation, we agree with the District Court that such information in the hands of the Government is privileged. The privilege extends to any conclusions that might be based in any fashion on such privileged information. Also, a recognized privilege attaches to any portions of the report reflecting Air Force deliberations or recommendations as to policies that should be pursued. See Boeing Airplane Co. v. Coggeshall, 108 U.S.App.D.C. 106, 112, 280 F.2d 654, 660 (1960); Zacher v. United States, 227 F.2d 219 (8th Cir. 1955), cert. denied, 350 U.S. 993, 76 S.Ct. 542, 100 L.Ed. 858 (1956); Kaiser Aluminum & Chemical Corp. v. United States, 157 F.Supp. 939, 946, 141 Ct.Cl. 38 (1958).

The parties, in argument before us, have treated the investigative report

340

as a unit that should either be entirely disclosed or entirely suppressed. From our review of the case, however, it appears to us that certain portions of the report could be revealed without in any way jeopardizing the future success of Air Force accident investigations.[3] We refer to the factual findings of Air Force mechanics who examined the wreckage. Their investigations and reports would not be inhibited by knowledge that their conclusions might be made available for use in future litigation, and their findings may well be of utmost relevance to the litigation now pending between appellant and United Aircraft. Moreover, we have in the past suggested that information of this sort would ordinarily be subject to subpoena for use in connection with litigation to which it is relevant. Boeing Airplane Co. v. Coggeshall, supra 108 U.S.App.D.C. at 112–113, 280 F.2d at 660–661. Since the reasons given by the Government for holding the investigative report privileged do not, on their face, apply to information of this sort, we consider that, to this limited extent, the subpoena should have been enforced.

We recognize that there may be reasons not presently appearing to us why even this portion of the report should be immune from subpoena. We will, therefore, withhold entry of judgment for 20 days to permit the Secretary to show cause why the factual findings of the mechanics who investigated the wreckage should not be given to appellant. In all other respects we uphold the Secretary's claim of privilege.

So ordered.

### Supplemental Opinion.

In response to our opinion of January 17, 1963, the Secretary has offered to make limited disclosure of the mechanics' reports. The offer, according to the paper submitted in response to our opinion, "is limited to factual findings. It does not extend * * * to expressions of opinion, conjecture or speculation."

Accordingly, the Secretary has had certain portions of the mechanics' reports deleted. Appellant remains dissatisfied, and requests us to grant the following relief:

"1. That the Appellee be compelled to disclose the full contents of the Aircraft Investigation Report excluding reports from nongovernmental personnel for use by Appellant in prosecuting his claim against United Aircraft Corportation.

"2. That this Court in camera examine the contents of the Aircraft Investigation Report in order to rule upon the documentary material which shall be disclosed for use by the Appellant."

In our opinion of January 17, we held that the contents of the Accident Investigation Report were privileged, with the exception of that portion of the file containing the "factual findings of Air Force mechanics who examined the wreckage." As we pointed out, the case was argued by appellant on the assumption that he was entitled to the entire report, and no request was made by him for any lesser form of relief. Had we chosen, as we could have, to pass only on the request for relief submitted by him, his appeal would have failed. In the interest of substantial justice, however, we offered him partial relief from the decision of the lower court. Now that he has seen the decision, appellant asks us, in effect, to reopen the case and determine anew what in the report is and what is not properly considered privileged. We are unwilling at this point to grant a request that may well lead to a complete relitigation of the case.

On the other hand, we do not believe that the "offer" made by the Secretary constitutes adequate compliance with the decision we handed down. When set against the entire opinion, his construction of the phrase "factual findings of the mechanics" is too nar-

---

3. We have not, of course, received the report or any part of it, much less had the opportunity to peruse it.

row. By this phrase we meant anything in their reports that did not fall within any of the areas of privilege recognized in the opinion, which were summed up as follows:

"Insofar, therefore, as the subpoena sought to obtain testimony of private parties who participated in the investigation, we agree with the District Court that such information * * * is privileged. The privilege extends to any conclusions that might be based in any fashion on such privileged information. Also, a recognized privilege attaches to any portions of the report reflecting Air Force deliberations or recommendations as to policies that should be pursued."

If the mechanics expressed any "opinions" or "conclusions" as to possible defects in the propellors or propellor governors that might have been due to the negligence of United Aircraft, we do not consider that such expressions would come within the privileges enunciated in our opinion. Where the line is properly drawn between privileged and unprivileged statements appearing in the mechanics' reports is impossible to ascertain without viewing the reports themselves in their entirety. In this connection, we cannot accept the notion that the Secretary should himself decide what portions of the reports are or are not privileged. This is ordinarily a task for the court. We are aware that in United States v. Reynolds, 345 U.S. 1, 11, 73 S.Ct. 528, 97 L.Ed. 727 (1953), the Supreme Court did not require submission of the report there involved to a court for a judicial determination of the applicability of the privilege invoked to the contents of the report in question. But this disposition was clearly dependent in large part on the nature of the privilege there invoked—the protection of military secrets. In our case, in contrast to Reynolds, no substantial harm could result from submission of the report to judicial scrutiny. Consequently, it is our opinion that the mechanics' reports should be submitted in their entirety to the District Court on remand, and that that court should determine what portions are privileged.

So ordered.