Jennifer McFADDEN and Judy
McFadden et al., Plaintiffs,

v.

AVCO CORPORATION, Defendant.

Civ. A. No. 901–S.

United States District Court
M. D. Alabama, S. D.

July 21, 1967.

Hobbs, Copeland, Franco, Riggs & Screws, Montgomery, Ala., Joe S. Pittman, Enterprise, Ala., for plaintiffs.

Ball & Ball, Montgomery, Ala. for defendant Avco Corporation.

Ben Hardeman, U. S. Atty., J. O. Sentell, Asst. U. S. Atty., Montgomery, Ala., for respondent Gaines.

## OPINION

PITTMAN, District Judge.

Defendant Avco Corporation had filed a motion on May 23, 1967, to compel answers from certain military personnel, members of an Army Investigation Board, and to produce certain documents, statements made to the Board by First Lieutenants Edward R. Bryan, III, and Olen L. Earnest, in connection with a suit growing out of a helicopter crash in which plaintiffs' decedent was killed. The Army is not a party to the suit.

Prior to the hearing negotiations between counsel had settled all matters except the production of the two beforementioned statements of the Lieutenants, who together with plaintiffs' decedent had been in the helicopter at the time

of the crash. Mr. William Gaines, the custodian of records at Fort Rucker, has these statements in his possession and has been served by the defendant with a Subpoena · Duces Tecum calling for their production. Two days before the hearing Mr. Gaines was "specifically instructed at the direction of the Secretary of the Army * * * not to produce these statements because of the adverse effect which the Army believes such productions would have upon the Army's vigorous and vital Aircraft Safety Program", Government's Memorandum to Quash, p. 3. Accordingly, the Government on behalf of Mr. Gaines has moved to quash or modify the Subpoena Duces Tecum maintaining that he is prohibited by law from complying with it, and that the defendant has not shown good cause for the production of the statements.

The Government's motion to quash raises two questions. First, are the statements involved the subject of a valid privilege. Second, if they are not, is Mr. Gaines lawfully prohibited from producing them by virtue of the Secretary of the Army's order to withhold the statements. The Government's memorandum first considers the latter question.

## I.

The Government maintains the defendant must direct the subpoena to the Secretary of the Army personally, and cites United States ex rel. Touhy v. Ragen, 340 U.S. 462, 71 S.Ct. 416, 95 L.Ed. 417 (1951). There was struck down a contempt citation against an F.B.I. agent who refused to produce certain documents on orders of his superior under regulations issued in connection with the Federal Housekeeping Act, 5 U.S.C., Sec. 22. The Court held that the Attorney-General could "validly withdraw from his subordinates the power to release department papers" apparently irrespective of whether they were privileged. 340 U.S. at 467, 71 S.Ct. at 419. Such regulations under 5 U.S.C., Sec. 22 were deemed necessary to centralize the determination of whether to challenge subpoenas calling for disclosure of departmental documents. Id. at 469, 71 S.Ct. 416. 10 U.S.C.A. Secs. 4831 and 3012(g) cited in the Government's brief is a similar housekeeping statute, and AR 27–5 par. 6 providing that employees of the Army Department may produce records "only as authorized by the Secretary of the Army or by the person designated by the Secretary to act on his behalf" is similar to the regulation in Touhy. Were that case the only decision on the matter, then, it would probably control the issue here.

Two years later, however, the decision of the Court in Reynolds v. United States, 345 U.S. 1, 73 S.Ct. 528, 97 L.Ed. 727 (1953) seemed to cast doubt upon the Touhy holding. There, unlike the earlier case, the Justices felt compelled to consider the merits of the alleged privilege. They made clear that in determining whether to compel disclosure of an accident report which the Secretary of the Air Force had ordered withheld the question of whether a valid privilege was being raised was for the District Court and not for the Air Force:

Judicial control over the evidence in a case cannot be abdicated to the caprice of executive officers.

Id. at 9, 73 S.Ct. at 533.

Disclosure, however, was not ordered because the Court was satisfied that military secrets were at stake and thus a valid claim of privilege existed.

Commenting upon these decisions in N.L.R.B. v. Capitol Fish Co., 294 F.2d 868 (5th Cir. 1961) the Fifth Circuit recognized that a valid privilege was the only justification for failure to disclose government records and observed that the function of a housekeeping statute was to give "head of the agency or other proper party" the opportunity to decide whether to assert the privilege, not to create a privilege per se. Id. at 875. There a trial examiner quashed a subpoena issued to an N.L.R.B. investigator because the Board's General Counsel had refused to let him testify. The Court rejected the idea that the

General Counsel should have been served noting that this "would impose an additional and unnecessary burden on parties seeking to obtain government records * * * without the slightest compensating improvement in the disposition of justice." Ibid. Commenting on *Reynolds* as it modified *Touhy* the Court stated:

> [W]hen a party has filed a request for evidence or testimony and the request can be properly denied only if the evidence or testimony is privileged, the question of privilege is as squarely raised by an unexplained refusal to comply as by an express claim of privilege, and the court must decide the question.

Ibid.

■ In the present case it is clear that the Secretary of the Army or Colonel Taylor, the person designated to act on his behalf, has determined to assert a privilege with regard to the statements of Lieutenants Bryan and Earnest which Mr. Gaines has in his possession. The Government's brief expressly states that this is the case. The centralization of decision which is the object of the housekeeping statute has been achieved, and it now falls upon this Court to decide whether that privilege is entitled to recognition. To insist upon serving the Secretary of the Army with a Subpoena Duces Tecum would accomplish nothing except to delay these proceedings and increase the expense to the litigants. As Judge Will observed in an identical situation involving the Department of Agriculture in Rosee v. Board of Trade:

> No purpose is served by requiring that the request be made again, directly to the department head. The claim of privilege is as squarely raised by instructing the subordinate to communicate the Secretary's determination to the Court as by an express claim made directly by the Secretary * * * [a] claim of governmental privilege has, in effect, been made.

35 F.R.D. 512, 514 (E.D.Ill.1964).

## II.

The Government has made no claim of privilege based on a necessity for protecting military secrets. Rather Colonel Taylor's affidavit which is modeled upon the affidavits of the Inspector General in Machin v. Zuckert, 114 U.S. App.D.C. 335, 316 F.2d 336 (1963) and United Airlines Inc. v. United States, 186 F.Supp. 824 (D.Del.1960) stresses that all statements of witnesses to review boards must remain confidential in order to encourage cooperation in the investigation of accidents. Undoubtedly this may be a factor in favor of a limited privilege with regard to representatives of the aircraft industry who might be unwilling to cooperate fully if their reports were available for use in suits against their corporations. The Court recognized such a limited privilege in *Zuckert*. The Court also recognized a privilege with regard to deliberations of the investigative board concerning future policies to be pursued. Id. at 339. The Court refused, however, to extend a blanket privilege to the entire report of the investigative board and ordered the factual findings of the Air Force mechanics who examined the wreckage to be disclosed:

> Their investigations and reports would not be inhibited by knowledge that their conclusions might be made available for use in future litigation, and their findings may well be of utmost relevance to the litigation now pending between appellant and United Aircraft.

Id. at 340.

A supplemental opinion stated that any conclusions or opinions of the mechanics as to possible mechanical defects should also be disclosed. Id. at 341.

The Government contends that since the Army, as a matter of policy chooses not to use accident investigation reports for career evaluation, and does not voluntarily make such reports available to the Justice Department, they should not be available for discovery by private litigants. The courts have often been reluctant to grant such a broad priv-

◼︎

ilege. See United Airlines v. United States, 186 F.Supp. 824 (D.Del.1960); Snyder v. United States, 20 F.R.D. 7 (E.D.N.Y.1956); Reynolds v. United States, 10 F.R.D. 468 (E.D.Pa.1950) (prior to the assertion of privilege for military secrets), Cresmer v. United States, 9 F.R.D. 203 (E.D.N.Y.1949). In all the above cases the reports of the accident review boards were ordered disclosed.

In the recent O'Keefe v. Boeing Co., 38 F.R.D. 329 (S.D.N.Y.1965) in a suit between private litigants the Secretary of the Air Force intervened to assert essentially the same privilege involved here. As in *Zuckert* the court recognized that opinion, recommendations and discussion of Air Force policy should not be discovered but ordered disclosure of:

> records of facts made in the course of the investigations and contained in the statements of Air Force personnel, group reports and "formal reports".

Id. at 334.

◼︎ The Army is willing to make those same persons available for depositions. The litigants should have the benefit of the information available when it was fresh. and which only a statement contemporaneous with the accident can provide. The courts and the litigants are entitled to accurate information in their search for truth, just as the Army is, and there would seem little reason for denying them access to it, when, as here, the chance of interfering with the Army's future investigations is slight.

## ORDER

Mr. Gaines' Motion to Quash, Etc. is denied and the documents called for by the subpoena are ordered produced, including conclusions of any witness or person who is asked an opinion predicated on facts of the investigation provided such witness or other persons, including a Board member, is qualified as an expert with reference to the particular conclusions requested. This or-

der applies only to military or U. S. Government personnel.

The following paragraphs of Defendant's Motion to Compel Answers are granted:

Paragraph 3 of the Motion is granted with the limitation that it applies only to military or U. S. Government personnel.

The answer to Paragraph 4 over and above that which has already been agreed upon is granted but limited to conclusions only of those individuals who have been qualified as experts with reference to the matters requested, again with the limitation that it applies only to military or U. S. Government personnel.