Marcina KAGAN, Individually, as Administratrix of the Goods, Chattels and Credits of Samuel Kagan, Deceased, and as Mother of Nerina S. Kagan, Joseph P. Kagan, David H. Kagan, Alexander R. Kagan and Michelle H. Kagan, infants, Plaintiff,

v.

LANGER TRANSPORT CORP., Transport Leasing Co. and Aurelious A. Jones, Jr., Defendants.

No. 67 Civ. 3848.

United States District Court
S. D. New York.

Dec. 8, 1967.

Emile Z. Berman and A. Harold Frost, New York City, for plaintiff.

Bower, O'Connor & Taylor, New York City, for defendants.

MANSFIELD, District Judge.

Plaintiff's motion for an order sustaining their objections to defendants' interrogatories numbered 15 to 18, 21 and 30 is denied for the reason that the interrogatories appear reasonably calculated to lead to the discovery of admissible evidence, except that the plaintiff shall not be required to furnish the sub-

 

stance or a copy of any statement or information prepared or made by their attorney, or by an investigator or other person acting pursuant to such attorney's instructions, in preparation for trial. See Hickman v. Taylor, 329 U.S. 495, 508–514, 67 S.Ct. 385, 91 L.Ed. 451 (1947); Alltmont v. United States, 177 F.2d 971 (3d Cir. 1949), cert. denied 339 U.S. 967, 70 S.Ct. 999, 94 L.Ed. 1375 (1950); Slifka Fabrics v. Providence Washington Ins. Co., 19 F.R.D. 374 (S.D. N.Y.1956); Snyder v. United States, 20 F.R.D. 7 (E.D.N.Y.1956); cf. Wright, Discovery, 35 F.R.D. 39 (1964). The effect of requiring production of such attorney's work product would be to destroy counsel's incentive diligently to prepare for trial and to carry out his professional duties, since otherwise he could, merely by sitting back and doing nothing, avail himself of the work product and professional diligence of counsel for the other side. The defendants will be adequately protected against surprise and injustice at trial by obtaining in answer to their interrogatories the names and addresses of the persons from whom statements or information was obtained by plaintiff's counsel, which will enable counsel for the defendants to conduct his own independent investigation and interviews.

Ordinarily a party is not entitled to obtain the production of documents in answer to Rule 33 interrogatories, but must proceed as required by Rule 34, showing good cause for such production. After argument of counsel and examination of the interrogatories, however, it appears that the documents requested, including plaintiff's income tax returns for the period of five years prior to the accident, are sufficiently designated, would meet the test of good cause, and be reasonably calculated to lead to the discovery of admissible evidence.

Accordingly, except for documents protected by attorney-client privilege or as attorney's work product, the

motion to sustain objections to the production of such documents is denied. The foregoing principles for protection of attorney's work product should be adhered to in the production of documents except that photographs of the accident itself, or of the vehicles involved in the accident, taken within three days after the accident, should be produced, since it seems unlikely that counsel at this late date would be able to duplicate them by independent investigation.

So ordered.