**Ex parte Karen Jo Allred TURNER and Antonia Hughes.**

**Civ. A. No. 72–C–123.**

United States District Court, S. D. Texas, Corpus Christi Division.

Oct. 11, 1972.

Albert W. Copeland, Hobbs, Copeland, Franco & Screws, Montgomery, Ala., James C. Watson, Keys, Russell, Watson & Seaman, Corpus Christi, Tex., for petitioners.

Olney G. Wallis, Asst. U. S. Atty., Houston, Tex., for respondent.

## MEMORANDUM AND ORDER

OWEN D. COX, District Judge.

The Petitioners' "Motion for Protective Order Under Rule 37, FRCP," filed in this Court on the 3rd day of August, 1972, will be treated by this Court as a motion to compel discovery under the rule by that number.

The alleged necessity for this proceeding arose in a wrongful-death action pending in the United States District Court of Georgia, Atlanta Division. An Army helicopter crashed at Hunter Army Air Field in Georgia, on or about March 24, 1969. Two men were killed and their survivors brought two suits, later consolidated, against Textron, Inc., the manufacturer of the helicopter, and others. Very soon after the crash, the Army transported various parts of the helicopter to the Army Aeronautical De-

pot Maintenance Center (ARADMAC) at Corpus Christi, Texas, for examination to determine the cause of the crash. Two investigative steps, tear-down analysis and metallurgical studies, were supervised and conducted by civilian employees of the Army, Vernis R. Worden and William H. Roberts. Roberts prepared a written report of the metallurgical studies and Worden incorporated it in his own tear-down analysis dated April 30, 1969. A copy of this report was made available to Petitioners.

However, Petitioners claim that the parts examined are no longer available for examination by them, and this is not denied. And, there is no showing that any effort was made by the Army to permit the vitally interested parties, the Plaintiffs and Defendants, to observe the investigative activities, or that an effort was made to preserve the parts of the helicopter for further examination by those parties. What happened to those parts is not known to the Court.

On June 21, 1972, Worden and Roberts, with Captain R. E. Self, Staff Judge Advocate at ARADMAC, as their attorney, appeared as witnesses for oral depositions at Plaintiffs' request, but, on advice of counsel, each one refused to answer any questions calling for opinions based upon their investigative efforts. Their counsel, in so advising Worden and Roberts, relied on Army Regulation 27–45, particularly Section 3–4 [32 C.F.R. 516.4(d)(2)], which prohibits military personnel and civilian Army employees from appearing as expert witnesses in private litigation without the approval of the Judge Advocate General or his designee. No such approval had been given at this time to Roberts or Worden, and it was subsequently expressly refused.

Petitioners are here seeking, under Rule 37, an order compelling Roberts and Worden to answer questions concerning their investigation to determine what caused the helicopter crash. Petitioners contend such testimony is essen-

tial to their case, because there is no way to obtain that information from other sources.

This Court believes that Worden and Roberts should be compelled to testify about their investigative efforts and reports and to recount what facts were found. The Court realizes the vague distinction between a fact and an opinion, Texas Practice: Evidence, McCormick and Ray, Vol. 2, Sec. 1394, and concludes the witnesses should explain any unequivocal statements which appear in the reports already furnished Plaintiffs, and otherwise clarify, if need be, other aspects of the investigation and the report thereof.

The case of Machin v. Zuckert, 114 U.S.App.D.C. 335, 316 F.2d 336 (1963), cert. den. 375 U.S. 896, 84 S.Ct. 172, 11 L.Ed.2d 124 (1963), is instructive in this matter. There, the Air Force refused to release to Plaintiffs its investigative file, with the conclusions drawn as to what caused the crash of an Air Force airplane, in a suit against the propeller manufacturer. That Court, upon Plaintiffs' motion, first ordered the Air Force to release the factual findings of the Air Force mechanics who examined the wreckage. The Air Force then released portions of the mechanics' reports, but omitted "expressions of opinion, conjecture, or speculation." In a supplemental order, the Court held that such was not satisfactory compliance. The Court said:

"If the mechanics expressed any 'opinions' or 'conclusions' as to possible defects in the propellors or propellor governors that might have been due to negligence of United Aircraft, we do not consider that such expressions would come within the privileges enunciated in our opinion."

Petitioners before this Court have been furnished the Teardown Analysis Report by the Army, but it will not allow its employees to testify about it. This action cannot be based on the concept of privilege.

The Army also asserts policy reasons. It fears that, if not protected by such Army regulations, their personnel would spend all their time testifying in private civil litigation not involving the United States. This Court acknowledges that in Pilar v. S.S. Hess Petrol, 55 F.R.D. 159 (D.C.Md.1972), the Court issued a protective order for Department of Labor investigative personnel for the policy reason just mentioned. But, it is important to note that Court said there was *no need* for such testimony because the Department of Labor had been ordered to release its entire investigation file and its *ultimate conclusion of the cause* of the fire. Also, there was no indication any of the parties were deprived of making their own investigation. Here, the Petitioners have shown a definite need for the testimony of Worden and Roberts.

There is no dispute that the Army justifiably took possession of the wreckage after the crash. But, when, by doing so in the way it went about it, interested private parties were effectively denied the opportunity to examine it, the Army waived every protection but national security and state secrets. Without the testimony of Roberts and Worden, the Plaintiffs cannot present, nor can the Defendants refute, any expert testimony as to the cause of this crash.

The Army contended before this Court the release of the written Teardown Analysis Report satisfied Plaintiffs' requirements. We reject that position for two reasons. First, it is up to the Courts, not the Army, to pass on the admissibility of evidence. Second, if the report were allowed as evidence over a hearsay objection, or even by agreement, it would be grossly unfair to deprive either party of the opportunity to cross-examine the compilers of the report and attack their credibility and their conclusions, as to adverse findings.

In summary, this Court believes there is no real question of privilege involved here. Furthermore, this Court believes the Army's interest in protecting its employees from involvement in litigation as expert witnesses is outweighed in this instance by the parties' need for the testimony. As one Court stated, "The courts and the litigants are entitled to accurate information in their search for truth, just as the Army is, and there would seem little reason for denying them access to it, when, as here, the chance of interfering with the Army's future investigations is slight." McFadden v. Avco Corp., 278 F.Supp. 57, 60 (M.D.Ala.1967).

Petitioner's motion to compel discovery must be, and hereby is, granted, and witnesses Worden and Roberts are ordered to again appear as witnesses for the continuation of the depositions already commenced, and these witnesses are further ordered to answer all questions propounded to them, and each one of them, in accordance with this Memorandum and Order.