Andre J. THERIAULT et al., Plaintiffs-Appellees,

v.

UNITED STATES of America, Defendant-Appellant (two cases).

Nos. 72–2647, 72–2969.

United States Court of Appeals, Ninth Circuit.

Sept. 10, 1974.

James Stotter, II (argued) Los Angeles, Cal., for defendant-appellant.

Thomas H. Lambert (argued), Los Angeles, Cal., for plaintiffs-appellees.

Before CARTER and GOODWIN, Circuit Judges, and EAST,* Senior District Judge.

## OPINION

EAST, Senior District Judge:

The appellees are the widow and children of a civilian employee of the United States Air Force who was lost in an Air Force air crash. They administratively requested and were refused inspection of Air Force agency records concerning the air crash and thereupon instituted these 5 U.S.C. § 522 proceedings (Freedom of Information Act). They allege on information and belief "that they may have a valid cause of action for wrongful death against [others] but they are unable to determine the facts and circumstances surrounding the crash and the history of the aircraft prior to the crash in order to thus fully ascertain their rights and remedies" and pray for the relief provided in the Act. Appellees moved under Rule 34, Federal Rules of Civil Procedure, for an order requiring the appellant to produce certain specified documents and on September 11, 1972, the District Court granted the motion and ordered (September order) the appellant to produce the documents "for inspection and copying by" the appellees.

The appellant moved for a reconsideration of the September order asserting for the first time executive privilege, and on October 20, 1972, the District Court entered its order (October order) denying the motion.

The appellant separately appeals from the September and October orders. The two separate appeals have been consolidated. We vacate the orders and remand the cause to the District Court.

■■■ Rule 34 orders to produce ordinarily and when appropriately utilized in a given action are interlocutory and non-appealable under 28 U.S.C. § 1291, except as provided in 28 U.S.C. § 1292(b): Paramount Film Distributing Corp. v. Civic Center Theatre, 333 F.2d 358, 361–362 (CA10 1964). However, the September order to produce as utilized in this action is in and of itself the end result of the action. The practical effect of the full force of that order is a granting of the full, complete and final relief available to a complainant under the Act. Accordingly, we conclude that the September order is a "final decision[s] of the District Court[s]" within the range of § 1291 and therefore appealable. "We know, of course, that § 1291 does not limit appellate review to 'those final judgments which terminate an action . . .,' Cohen v. Beneficial Loan Corp., 337 U.S. 541, 545 [69 S.Ct. 1221, 1225, 93 L.Ed. 1528] (1949), but rather that the requirement of finality is to be given a 'practical rather than a technical construction.' Id., [337 U.S.] at 546 [69 S.Ct. 1221, 1226, 93 L.Ed. 528]." Eisen v. Carlisle & Jacquelin, et al., 417 U.S. 156, at page 170, 94 S.Ct. 2140, at page 2149, 40 L.Ed.2d 732 (5/28/74). The practical test is generally whether holding the District Court's decision as "not final" but merely interlocutory, and therefore unappealable, would render a party powerless to avert the mischief of an unlawful order. See, e. g., Overby v. United States Fidelity & Guaranty Co., 224 F.2d 158, 162 (CA5 1955); Perlman v. United States, 247 U.S. 7, 38 S.Ct. 417, 62 L.Ed. 950 (1918); Cobbledick v. United States, 309 U.S. 323, 60 S.Ct. 540, 84 L.Ed. 783 (1940); Gillespie v. United States Steel Corp., 379 U.S. 148, 85 S.Ct. 308, 13 L.Ed.2d 199 (1964).

* Honorable William G. East, Senior United States District Judge for the District of Oregon, sitting by designation.

The Act grants subject matter jurisdiction to and empowers the District Court "to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant. In such a case the court shall determine the matter de novo and the burden is on the agency to sustain its action." It is manifest from the face of the September order that it disobeys the mandate of the Act which requires the injunctive relief from a withholding of a given record under the claim of exemption to be predicated upon the District Court's finding of fact and conclusion of law as to the merits following a full "de novo" hearing.. The appellant's claim of exemption has not been adjudicated as specified in the Act "and the rights [of the government to exemption] conferred by the statute, if it is applicable, will have been lost, probably irreparably," Cohen, *supra,* 337 U.S. at 546, 69 S.Ct. at 1225, should the September order be permitted to be enforced. Accordingly, the September order cannot stand as the ultimate grant of the relief sought under the Act and must be vacated.

Since the cause must be remanded to the District Court for further proceedings, it is appropriate to state that the general rule under the Act is to allow disclosure, unless the agency involved carries the burden of showing the records in question specifically fall within the protection of one or more of the nine several specified exemptions in the Act. Furthermore, the respective exemptions are to be construed narrowly. Kreindler v. Department of Navy, 363 F.Supp. 611, 613, S.D.N.Y. (1973), and Robertson v. Butterfield, 498 F.2d 1031 (CA D.C.1974).

We realize that a given agency might fail to show a specific exemption protecting a given record and yet in good faith claim that dire adverse potentialities will occur and result from a disclosure of a given record. *See* Rose v. Department of Air Force, 495 F.2d 261 (CA2 1974).

The main spring of the proceedings under the Act is a judicious weighing of the complainant's need for and entitlement to production as against the government's or another's right to protection. We accept as a guideline for such a judicious weighing the teachings of General Services Administration v. Benson, 415 F.2d 878, 880 (CA9 1969): "In exercising the equity jurisdiction conferred by the Freedom of Information Act, the court must weigh the effects of disclosure and nondisclosure, according to traditional equity principles, and determine the best course to follow in the given circumstances. The effect on the public is the primary consideration."

In meeting its obligation under the foregoing guideline, the District Court can utilize its power of subpoena or appropriate discovery orders in order to produce an adequate record on which to base its ultimate decisions. Should the court become convinced that resolution of the government's claim of exemption requires the court actually to examine the documents sought, it may direct that these documents be produced for an *in camera* inspection. *See* Rose, *supra;* Kreindler, *supra.*

The September and October orders, and each of them, are vacated and the cause remanded to the District Court for further proceedings consistent with the foregoing.

Orders vacated and remanded.