Catherine **RABBITT**, as Executrix of the Estate of James F. Rabbitt, Deceased, Plaintiff,

v.

**DEPARTMENT OF the AIR FORCE,** Defendant.

No. 72 Civ. 2323.

United States District Court, S. D. New York.

Oct. 9, 1974.

David L. Odom, Sausalito, Cal., for plaintiff.

Paul J. Curran, U. S. Atty., Southern District of New York, New York City, for defendant; Samuel J. Wilson, Asst. U. ·S. Atty., of counsel.

## MEMORANDUM

LASKER, District Judge.

Catherine Rabbitt, widow of an Air Force Captain who was killed in an airplane accident, sues under the Freedom of Information Act (FOIA) to compel the release of the entire Aircraft Accident Investigation Report (AAIR) which concerned her husband's death. By memorandum dated November 1, 1974, we directed the Air Force to release those sections of the AAIR which contain transcripts of witnesses' statements and to produce the remainder of the withheld material for *in camera* inspection to determine whether the material falls within exemptions 5 and 6 of the Act. The government has submitted a copy of the AAIR to the court and moves for reconsideration of our opinion pursuant to Rule 59 of the Federal Rules of Civil Procedure. By the present motion, the Air Force for the first time invokes a claim of executive privilege for withheld portions of the report and requests that we reverse our prior determination that a federal court has no equitable jurisdiction to withhold material not within one of the Act's enumerated exceptions.

### I.

#### Transcripts of Witnesses' Statements

The Air Force urges reconsideration of the determination to release the transcripts of witnesses' statements to the Air Force Investigation Board on two interrelated grounds: an assertion of executive privilege and reliance on ex-

emption 5 of the FOIA, 5 U.S.C. § 552(b)(5). Upon a review of case law decided subsequent to our memorandum and of evidence submitted by the government, we agree with the Air Force that these transcripts are exempt from disclosure.

■■ The initial question before us is whether a claim of executive privilege may be asserted in the context of a suit arising under the FOIA. We believe that it may. In *Federal Aviation Administration v. Robertson*, the Supreme Court recently stated that "Nothing in the [Freedom of Information] Act or its legislative history gives any intimation that all information in all agencies and in all circumstances is to be open to public inspection." 422 U.S. 255, 95 S. Ct. 2140, 45 L.Ed.2d 164 (1975). The Court added:

"The exemptions provided by the Act . . . represent the congressional judgment as to certain kinds of 'information that the Executive Branch must have the option to keep confidential, if it so chooses.'" (citation omitted) *Id.*

Exemption 5 which protects from disclosure

"inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency"

is evidence of the congressional determination to preserve those "privileges which the Government enjoys under the relevant statutory and case law in the pretrial discovery context." *Renegotiation Board v. Grumman Aircraft Engineering Corp.*, 421 U.S. 168 at 184, 95 S.Ct. 1491, at 1500, 44 L.Ed.2d 57 (1975). The FOIA Act did not repeal by implication all existing statutes which restrict public access to government records. *FAA v. Robertson, supra,* 422 U.S. at 265–267, 95 S.Ct. 2140. Similarly,

we believe that Congress did not intend to preclude the assertion of an executive privilege in the context of an FOIA suit.

■■ A qualified claim of executive privilege [1] is recognized for documents which are integral to an appropriate exercise of the executive's decisional and policy-making functions, and once accepted, immunizes the documents from disclosure. *Carl Zeiss Stiftung v. V. E. B. Carl Zeiss, Jena,* 40 F.R.D. 318, 324 (D.D.C.1966), *aff'd,* 128 U.S.App.D.C. 10, 384 F.2d 979, *cert. denied,* 389 U.S. 952, 88 S.Ct. 334, 19 L.Ed.2d 361 (1967). The Air Force argues that the transcripts of witnesses statements before the Accident Investigation Board are cloaked with this privilege because the statements are indispensible to accident prevention in the Air Force and a guarantee of absolute confidentiality is in turn essential to securing all relevant information from witnesses.

In support of its assertion, the government has submitted the depositions of Lt. General Donald Nunn, Inspector General of the Air Force, and Colonel Richard W. Wood, Chief of the Safety Policy and Programs Office, Directorate of Aerospace Safety. Their testimony establishes that the preparation of AAIR's is essential to the Air Force's effort to prevent airplane accidents and that the effectiveness of the reports is heavily dependent on the cooperation of everybody involved with the accident, including admissions of error or neglect by pilots, manufacturers or workmen. Without the power to promise confidentiality and use of the information *solely* for accident prevention purposes, these officials convincingly predict that candid and forthright interchange between witnesses and the Board will be severely inhibited, if not altogether blocked.

■ A claim of executive privilege has been recognized with respect to "intra-governmental documents reflecting

---

1. Although the subject matter here involves the military, the privilege recognized is a qualified one, as distinct from the absolute privilege for state secrets (*United States v. Reynolds,* 345 U.S. 1, 73 S.Ct. 528, 97 L.Ed.2d 727 (1952)).

advisory opinions, recommendations and deliberations comprising part of a process by which governmental decisions and policies are formulated." *Carl Zeiss Stiftung v. V. E. B. Carl Zeiss, Jena, supra,* 40 F.R.D. at 324. See also *Kaiser Alum & Chem. Corp. v. United States,* 157 F.Supp. 939, 946, 141 Ct.Cl. 38 (1958). However, the protection of governmental policy documents is not the sole facet of the executive privilege against discovery. *Brockway v. Dept. of the Air Force,* 518 F.2d 1184 at 1191 (8th Cir. 1975). Indeed, prior to the passage of the FOIA, a claim of privilege was recognized under the law of pretrial discovery for precisely the same type of AAIR witnesses' statements which are involved here. *Machin v. Zuckert,* 114 U.S.App.D.C. 335, 316 F.2d 336 (D.C.Cir.), *cert. denied,* 375 U.S. 896, 84 S.Ct. 172, 11 L.Ed.2d 124 (1963). The court in *Machin* stated:

> "We agree with the Government that when discovery of investigative reports obtained in large part through promises of confidentiality would hamper the efficient operation of an important Government program and perhaps even, as the Secretary here claims, impair the national security by weakening a branch of the military, the reports should be considered privileged." 316 F.2d at 339.

See McCormick on Evidence § 108, at 320 n. 6 (2d. ed. 1972); 8 C. Wright & A. Miller, Federal Prac. & Proc. § 2019, at 169 n. 22 (1970). It is true that a privilege for witnesses' statements has not always been accepted by courts. See *McFadden v. Avco Corp.,* 278 F.Supp. 57 (N.D.Ala.1967); *O'Keefe v. Boeing Co.,* 38 F.R.D. 329 (S.D.N.Y.1965). However, the decision in *O'Keefe* is distinguishable because there the government had voluntarily turned the AAIR over to Boeing Company, and as a consequence, waived any privilege that may have existed, 38 F.R.D. at 335, and the Court of Appeals for the Eighth Circuit has recently recognized a privilege for witnesses' statements before an Air Force Investigation Board in a case almost identical with the case at hand, albeit in the context of exemption 5 of the Act. *Brockway v. Dept. of the Air Force, supra.* We agree with the court in *Brockway* that:

> ". . . the deliberative processes of the Air Force in establishing appropriate safety policies will be best protected by permitting these witnesses statements to be exempted from disclosure." 518 F.2d at 1194.

▆ In determining whether the government may properly assert a claim of executive privilege, the Air Force's need for privacy must be balanced against the need of the party for the information sought. See *United States v. Nixon,* 418 U.S. 683 at 710, 94 S.Ct. 3090, 41 L.Ed.2d 1039 (1974). In this case, Mrs. Rabbitt seeks the AAIR in order to learn facts which may be helpful in a wrongful death suit which is pending. While we are sympathetic to Mrs. Rabbitt's desire to obtain all relevant information surrounding her husband's death, we believe that the importance of the Air Force's need to preserve its sources in order to assure the greatest possibility of prevention of fatal accidents in a critical sector of the national defense outweighs her particular need.

We therefore hold that witnesses' statements before the Investigation Board are protected from disclosure, subject to one caveat. In *Brockway, supra,* the Air Force supplied the names and addresses of witnesses whose statements were withheld and offered to allow each witness to review his own statement to determine if he personally wished to reveal his testimony to the plaintiff. This practice does not hinder the Air Force safety program and we direct the government to supply similar information to Mrs. Rabbitt.

## II.

▆▆ The remaining portions of the AAIR which were withheld from Mrs. Rabbitt consist of (1) the deliberations,

recommendations, opinions, and findings of investigating officers, and (2) portions of two medical records of two other Air Force personnel involved in the accident. We have conducted an *in camera* examination of these materials and find that the first of these categories contain material which is solely deliberative, opinion or conclusory, and therefore falls within exemption 5 of the Act. However, the plaintiff is entitled to the medical records which have been withheld since a review of those reports establishes that their disclosure will not threaten the privacy of any individual. They are therefore not immune from disclosure by exemption 6, which protects

> "personnel and medical files . . . the disclosure of which would constitute a clearly unwarranted invasion of personal privacy." 5 U.S.C. § 552(b)(6).

The government urges us to reconsider our earlier rejection of the proposition that a federal court has equitable jurisdiction to deny disclosure of materials on grounds other than those specified by the Act. As Judge Feinberg noted in *Rose v. Department of Air Force,* the courts are divided on the question whether the court as a general matter has such equitable jurisdiction, although most courts appear willing to exercise such authority in an exceptional case. 495 F.2d 261, 269 (2d Cir. 1974). Even if we were inclined to withhold documents where the particular facts of a case require it, that is not the situation here. The only materials which are now to be released to Mrs. Rabbitt over the objection of the Air Force are the medical reports of the Air Force personnel involved in the accident. Under such circumstances the government surely would no longer claim that the release of that information will produce such "dire adverse" consequences as to warrant equitable relief. See *Theriault v. United States,* 503 F.2d 390, 392 (9th Cir. 1974).

Accordingly, the motion to reconsider is granted with regard to the transcripts of witnesses' statements before the Investigation Board and the statements are found to be privileged against discovery. The Air Force is directed to release the entire Life Science Reports in Tab H, to supply the name and address of each witness who testified before the Investigation Board, and to allow each witness to review his or her testimony.

Submit judgment.