**William MILLER, Petitioner,**

v.

**James Kay HARPSTER, Respondent.**

**No. 483.**

Supreme Court of Alaska.

May 11, 1964.

---

Edward A. Merdes, McNealy & Merdes, Fairbanks, for petitioner.

No appearance for respondent.

Before NESBETT, C. J., and DIMOND and AREND, JJ.

PER CURIAM.

This is a personal injury action in which respondent has complained that while a guest in petitioner's automobile he was injured to his damage in the amount of $150,000.

We have granted review of an order of the trial court which, among other things, required petitioner to produce for inspection under Civil Rule 34:

(1) Defendant's public liability and property damage insurance policy covering the operation of his vehicle at the time of the collision.

(2) Copies of all written statements of witnesses to said collision occurring on or about September 14, 1962, including any and all written statements of the defendant, or the plaintiff, which may be in the possession of the defendant, the defendant's attorneys or any other agent or representative of said defendant.

Petitioner argues that production of the insurance policy should have been denied because it is not relevant to the issues and its disclosure could not reasonably lead to the discovery of relevant facts.

We believe that the policy does have a relevancy to the issues and that no error was committed in ordering it to be produced. Definite knowledge as to whether or not there was insurance coverage and if there was the name of the carrier and the amount would be of assistance to the plaintiff in determining whether to prosecute or settle the action. Requiring production and disclosure does not, in our opinion, confer any advantage on respondent insofar as the actual trial of the issues. is concerned.[1]

Petitioner argues that requiring production of the written statements is a violation of the attorney work-product rule of Hickman v. Taylor[2] and unfairly gives. to plaintiff's counsel the advantage of the preparation of defense counsel. Furthermore, petitioner contends, respondent did not comply with that portion of the rule

1. People ex rel. Terry v. Fisher, 12 Ill.2d 231, 145 N.E.2d 588 (1957); Maddox v. Grauman, 265 S.W.2d 939, 41 A.L.R. 2d 964 (Ky.1954).

2. 329 U.S. 495, 67 S.Ct. 385, 91 L.Ed. 451 (1947).

which requires a showing of good cause for the production.[3]

It was not error to order production of the written statements.

The formal showing of good cause may have left something to be desired. However, respondent's reasons for desiring to inspect the written statements of all witnesses to the collision, the subject of the suit, are so obvious that no extended showing of relevancy is required.

It is argued though, that some showing should have been made that the witnesses are no longer available or could be reached only with difficulty. In addition to Hickman, petitioner relies upon Safeway Stores Inc. v. Reynolds[4] and similar federal authority.

We distinguish the facts in the case under consideration from those of Hickman because petitioner has not been requested to reduce the oral statements of witnesses to writing. All that has been requested is the production of written statements of witnesses to the collision, including those of the parties.

The requirement of a showing of good cause should not be given a strict or technical interpretation. At least where the request for production pertains only to written statements. It should not be necessary for opposing counsel to show that the witnesses are no longer available or that additional statements could not be obtained except at a great expenditure of time and money. The information contained in the statements of the eyewitnesses belongs to both parties to the dispute. The sooner both parties are aware of the observations of the witnesses, the sooner the litigation can proceed along the usual lines toward settlement or trial.

Even though opposing counsel could obtain statements from the witnesses without undue inconvenience and expense, they would not be the same in every detail as those taken at an earlier date. As long as earlier impressions of a witness have been recorded, they should be made available to all parties for whatever assistance they may lend.

Petitioner argues that it would be unfair to his counsel to permit opposing counsel to inspect all of the statements that had been diligently gathered. This, he urges, would result in an "unjust use of the fruits of opposing counsel's labor."

The question should not be decided on the basis of what is fair or unfair to petitioner's counsel, but rather on the basis of what is most likely to attain the objectives of the rule.

The broad policy of all of our rules permitting discovery is to eliminate surprise at the trial and to make it convenient for the parties to find and preserve all available evidence concerning the facts in issue, thereby encouraging the settlement or expeditious trial of litigation.

Permitting counsel for one side to preserve undisclosed until trial the "fruits of his diligence" and initiative appears to be a false concept and one likely to defeat the objectives of the rules of discovery. Diligent counsel may have discovered facts vital to the litigation, either for or against his client. If permitted, he would naturally refuse to produce the statements for inspection in the hope that:

(1) Opposing counsel would not learn the identity of all of the eyewitnesses and obtain statements of his own, or

(2) that if he did obtain statements he might, for one reason or another, fail to obtain all of the pertinent knowledge recorded in the earlier statements.

Counsel have been retained by their clients to bring about an early favorable end

---

3. Civ.R. 34 states in part:
   "Upon motion of any party showing good cause therefor and upon notice to all other parties, and subject to the provisions of Rule 30(b), the court in which an action is pending may * * *."

(This rule is identical to Rule 34 Federal Rules of Civil Procedure.)

4. 85 U.S.App.D.C. 194, 176 F.2d 476 (D.C.Cir. 1949).

to the litigation. They do not acquire property rights in the contents of the written statements they obtain. Experience has proved that the ends of justice are more likely to be served by liberal rules of discovery requiring full disclosure of all unprivileged relevant matter. No purpose of the rule is to reward diligent counsel in a manner that could result in the suppression of knowledge of relevant facts.

It is suggested that permitting opposing counsel to claim the benefit of the efforts of diligent counsel will discourage trial preparation. We doubt that this will happen because the advantages of the rule as we have construed it will accrue to both parties in one form or another.

The Order below is affirmed.