**UNITED STATES of America,**
**Plaintiff,**

v.

**REAL ESTATE BOARD OF METRO-**
**POLITAN ST. LOUIS, Defendant.**
No. 72 C 793(3).

United States District Court,
E. D. Missouri, E. D.
June 4, 1973.

Daniel Bartlett, Jr., U. S. Atty., St. Louis, Mo., Richard G. Kleindienst, Atty. Gen., Thomas E. Kauper, Asst. Atty. Gen., Washington, D. C., Francis C. Hoyt, Baddia J. Rashid, John E. Sarbaugh, Attys., Dept. of Justice, Chicago, Ill., for plaintiff.

Cook, Murphy, Lance & Mayer, St. Louis, Mo., for defendant.

## ORDER

WEBSTER, District Judge.

This matter is before the court on motion of defendant pursuant to Rule 37 (a), Federal Rules of Civil Procedure, for an order upon plaintiff compelling it to produce as requested.

Defendant has heretofore filed a request to produce documents for inspection and copying pursuant to Rule 34, Federal Rules of Civil Procedure. The documents are described in five separately numbered paragraphs by category. Plaintiff has filed a response in which it has objected on grounds, other than inadequacy of description, to production of certain documents in each of the five categories requested.

The complaint charges that defendant Real Estate Board of Metropolitan St. Louis and its members have engaged in a combination and conspiracy to unreasonably restrain trade and commerce in violation of § 1 of the Sherman Act. The complaint further alleges that the combination and conspiracy has consisted of a continuing agreement and concert of action between the defendant and co-conspirators to fix, stabilize and maintain uniform commissions and fees for services provided in connection with the sale, rental and management of real estate in the City and County of St. Louis; to restrict membership in the Board; and to adopt other rules and regulations which limit competition among members of the Board.

The term "document" as used in defendant's request is broadly defined therein and includes "statements". "Statements" is defined to mean "the statement of a person recorded or reduced to writing, signed or unsigned, notes or notations of an oral communication, a recording of an oral communication or of any form of correspondence from any person".

Plaintiff proposes in its response to withhold from production all "relevant documents in plaintiff's possession which are not withheld under claim of privilege or of attorney work product * * *." Plaintiff has agreed to disclose (1) documents submitted to plaintiff by defendant and (2) correspondence from inter-

ested persons who are not confidential informants.

Plaintiff proposes to withhold from production those documents which are protected by the "work product" rule and those documents which disclose the identity of confidential informants.

### Work Product

In its memorandum in opposition to the Rule 37(a) motion, plaintiff asserts specifically that written summaries of voluntary interviews, prepared by government attorneys in the normal investigative process and in anticipation of litigation, are protected under the work product rule. Plaintiff is, however, willing to disclose the names and addresses of the persons interviewed.

The holding of the lead case of Hickman v. Taylor, 329 U.S. 495, 67 S.Ct. 385, 91 L.Ed. 451 (1947) has been summarized as follows:

"1. Information as to facts and witnesses' statements obtained by the adverse party's attorney are not within the common law privilege of attorney and client.

"2. The broader policy against invasion of the lawyers' files does not make them absolutely immune from discovery.

"3. However, the party asking for disclosure of information must show special circumstances in order to obtain it.

"4. When the proponent of discovery can obtain the desired information elsewhere, he has not met the burden of showing such special circumstances." Wright and Miller, Federal Practice and Procedure: Civil § 2022, at 188.

In 1970, Rule 26, Federal Rules of Civil Procedure, was amended. Subdivision (b)(3) was added, and provides as follows:

"*Trial Preparation: Materials.* Subject to the provisions of subdivision (b)(4) of this rule, a party may obtain discovery of documents and tangible things otherwise discoverable under subdivision (b)(1) of this rule and prepared in anticipation of litigation or for trial by or for another party or by or for that other party's representative (including his attorney, consultant, surety, indemnitor, insurer, or agent) only upon a showing that the party seeking discovery has substantial need of the materials in the preparation of his case and that he is unable without undue hardship to obtain the substantial equivalent of the materials by other means. In ordering discovery of such materials when the required showing has been made, the court shall protect against disclosure of the mental impressions, conclusions, opinions, or legal theories of an attorney or other representative of a party concerning the litigation.

"A party may obtain without the required showing a statement concerning the action or its subject matter previously made by that party. Upon request, a person not a party may obtain without the required showing a statement concerning the action or its subject matter previously made by that person. If the request is refused, the person may move for a court order. The provisions of Rule 37(a)(4) apply to the award of expenses incurred in relation to the motion. For purposes of this paragraph, a statement previously made is (A) a written statement signed or otherwise adopted or approved by the person making it, or (B) a stenographic, mechanical, electrical, or other recording, or a transcription thereof, which is a substantially verbatim recital of an oral statement by the person making it and contemporaneously recorded."

In its present form, Rule 26 thus protects "documents and tangible things" otherwise discoverable which were prepared in anticipation of litigation or for trial unless the party seeking this information shows that such party

(1) has substantial need of the materials in the preparation of his case and (2) that he is unable without undue hardship to obtain the substantial equivalent of the materials by other means. Further, the mental impressions, conclusions, opinions or legal theories of an attorney or other representative of a party concerning the litigation are expressly protected. All of the cases cited by plaintiff and defendant alike predate the 1970 amendment, and while the changes "conform to the holding of the cases, when viewed in light of their facts," [1] the expanded provisions of the rule may now be applied directly to a resolution of the issues presented in the motion.

■ Plaintiff makes clear in its memorandum that the statements were not mere questionnaires completed by a third person, but were in fact prepared by plaintiff's legal representatives. Defendant contends that plaintiff should be required to show what documents are "work product" and "show a basis for its objection". However, revised Rule 26 clearly casts the burden of showing necessity upon the party seeking the information. "In the last analysis, the determination must rest upon the balance struck in the particulars of a concrete case between the competing interests of full disclosure and protection for the fruits of the lawyer's labor." United States v. Swift & Co., 24 F.R.D. 280, 284 (N.D.Ill.1959). "Thus it will still be true that discovery of work product material will be denied if the party seeking discovery can obtain the information he desires by taking the deposition of witnesses." Wright and Miller, supra, § 2025 at 215 and cases cited therein at footnote 72.[2]

Defendant has made no showing of necessity. The plaintiff has expressed its willingness to disclose to the defendant names and addresses of the persons interviewed. The motion to compel production of documents will therefore be denied at this time as to statements of third parties interviewed by government representatives not in question-and-answer form or purporting to be verbatim statements by the persons interviewed. Plaintiff is ordered to disclose to the defendant the names and addresses of the persons interviewed whose statements are protected by this order, within the time provided for compliance herewith.[3]

### Informer Privilege

Plaintiff also objects to disclosure of documents which involve the identity of confidential informants. These documents are described as consisting "of correspondence received from various individuals dealing with the merits of this case and contain statements allegedly in support of the charges made in the complaint." These persons are not persons who were interviewed voluntarily by the plaintiff.

■ "The privilege for communications by informers to the government is well established and its soundness cannot be questioned." Mitchell v. Roma, 265 F.2d 633, 635 (3d Cir. 1959). This privilege is carried into the proposed Federal Rules of Evidence as Rule 510. 56 F.R.D. 183, 255. The privilege is a qualified one and requires balancing the public interest in protecting the flow of information and assistance to the enforcement authorities against a party's right to prepare his case. Westinghouse

1. Advisory Committee Note to Rule 26(b) (3), 48 F.R.D. at 500.

2. For a recent extensive discussion of the work product privilege, with authorities collected, see In re Grand Jury Proceedings, 473 F.2d 840 (8th Cir. 1973).

3. It should be noted that this order protects the production of "documents and tangible things" and does not protect the plaintiff from discovery of facts known to plaintiff as a result of or in connection with such documents and tangible things, which may be discovered by other means authorized by the Federal Rules of Civil Procedure.

Elec. Corp. v. City of Burlington, Vermont, 122 U.S.App.D.C. 65, 351 F.2d 762, 768 (1965). It should be noted, however, that it is only the identity of the informant that is protected. Roviaro v. United States, 353 U.S. 53, 77 S.Ct. 623, 1 L.Ed. 2d 639 (1957).[4] The contents of the communication are not privileged unless they would tend to reveal the informant's identity. United States v. Grinnell Corporation, 30 F.R.D. 358 (D.R.I.1962). Once the informer or the government discloses his identity, the privilege is waived. Mitchell v. Bass, 252 F.2d 513 (8th Cir. 1958).

■ It is apparent to the court that correspondence from a government informant is likely to disclose his identity or may tend to reveal his identity. For this reason, the plaintiff will not be required to disclose documents in this category at this time. To the extent that any correspondence with informants can be masked to exclude the name and address of the informant, and providing such correspondence would not otherwise tend to reveal the identity of such informant, the plaintiff will be directed to produce copies of such documents appropriately masked.

Plaintiff is directed to compile an inventory of documents permitted by this order to be withheld on ground of informant's privilege, which inventory shall be filed under seal with the Clerk of the Court, not to be opened except upon order of the court. At an appropriate time shortly before trial or at a pretrial conference, defendant may apply for an order requiring the government to identify those persons who will be its witnesses at the trial, notwithstanding some of them may have been protected by this order as informants. See Wirtz v. Hooper-Holmes Bureau, Inc., 327 F.2d 939 (5th Cir. 1964). At such time, any correspondence from such informant included in the inventory may be made subject to disclosure.

In its response to defendant's request for production, plaintiff stated that it would permit requests 1 through 5 as to all "relevant" documents in its possession which are not withheld under claim of privilege or of attorney work product. The court notes that under Rule 26(b) (1) "it is not ground for objection that the information sought will be inadmissible at the trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence." The documents requested by defendant are adequately described in its Rule 34 request, and plaintiff will not limit or circumscribe its compliance upon any test of "relevancy," but rather to the fullest extent permitted by Rule 26, subject only to the protection afforded by this order. The parties will arrange a mutually agreeable date or dates for such production which shall be completed by June 21, 1973.

So ordered.