STATE of Alaska, Petitioner,

v.

Rosemary LEACH, 1,732 Square Feet of Land, more or less, et al., Respondents.

No. 2019.

Supreme Court of Alaska.

Dec. 28, 1973.

John E. Havelock, Atty. Gen., Thomas R. Wickwire, Asst. Atty. Gen., Juneau, for petitioner-appellant.

Fred J. Baxter, of Gregg, Kohls, Fraties & Petersen, Juneau, for respondents-appellees.

## OPINION

Before RABINOWITZ, C. J., and CONNOR, ERWIN, BOOCHEVER, and FITZGERALD, JJ.

RABINOWITZ, Chief Justice.

Petitioner, State of Alaska, seeks review of a superior court order granting respondents' motion for production of certain property appraisal reports made by petitioner's experts.

Petitioner filed a condemnation action against property owned by respondent Leach. Prior to the filing of the discovery motion now questioned, the state had provided respondents with an appraisal report on the condemned property made by an appraiser whom the state intended to call as a witness at trial. The state refused, however, to provide respondents with any appraisal reports pertaining to the condemned property prepared by experts whom the state had retained but did not intend to call as witnesses. Thereafter respondents sought, pursuant to Alaska's discovery rules, an order for the production of all expert appraisal reports concerning the condemned property in the possession of petitioner.

The superior court granted the motion and entered an order directing the state to furnish respondents with copies of all expert appraisals regarding the property in question. We have determined to grant petitioner's request for review of the superior court's discovery order.[1]

1. Review is granted pursuant to Alaska R. App.P. 23 and 24. Alaska R.App.P. 23 provides in part:

An aggrieved party, including the State of Alaska, may petition this court as set forth in Rule 24 to be permitted to review

Alaska Civil Rule 26(b)(4)(B) provides:

A party may discover facts known or opinions held by an expert who has been retained or specially employed by another party in anticipation of litigation or preparation for trial and who is not expected to be called as a witness at trial, only as provided in Rule 35(b) or *upon a showing of exceptional circumstances under which it is impracticable for the party seeking discovery to obtain facts or opinions on the same subject by other means.* (emphasis added)[2]

Petitioner argues that under that portion of Rule 26(b)(4)(B) which requires a showing of "exceptional circumstances" as a prerequisite for discovery of the expert's opinions, the showing made in the case at bar simply is not supportive of the discovery ordered by the lower court.

We conclude, as did the superior court, that the very nature of a condemnation case in and of itself constitutes "exceptional circumstances" within the intendment of Civil Rule 26(b)(4)(B) and therefore justifies the superior court's discovery order. In reaching this conclusion we reject the two primary contentions which have been advanced for overruling the superior court's decision. First, it is argued that the language of Civil Rule 26(b)(4)(B) requires a showing of "exceptional circum-

stances" under which the moving party is unable to obtain value opinions from other sources. No such showing has been made here, argues petitioner, since what was sought was an expert's appraisal of property value which was obtainable from other experts.[3] Secondly, it is contended that it would be unfair to allow one party to benefit from the other party's trial preparation without a showing that the same kind of information could not be obtained elsewhere.[4] In our view, this court's precedents in the area of civil discovery are dispositive of these contentions.

In Hart v. Wolff, 489 P.2d 114, 117 (Alaska 1971), we said:

This court in the past has favored liberal construction of the civil rules governing discovery. Miller v. Harpster, 392 P.2d 21, 23 (Alaska 1964); Security Industries, Inc. v. Fickus, 439 P.2d 172, 179 (Alaska 1968) (footnote omitted).[5]

Given this court's commitment to a policy of liberal construction of the civil discovery rules in order to effectuate the underlying purpose of Alaska's discovery rules, we believe that both Miller v. Harpster, 392 P.2d 21 (Alaska 1964), and Security Industries, Inc. v. Fickus, 439 P.2d 172, 179 (Alaska 1968), indicate that the superior court's discovery order in the instant case should be upheld.

---

any order or decision of the superior court, not otherwise appealable under Rule 5 . . . as follows:

.     .     .     .     .

(d) Where such an order or decision involves a controlling question of law as to which there is substantial ground for difference of opinion, and where an immediate and present review of such order or decision may materially advance the ultimate termination of the litigation.

Alaska R.App.P. 24 provides in part:

A review is not a matter of right, but will be granted only: (1) where the order or decision sought to be reviewed is of such substance and importance as to justify deviation from the normal appellate procedure by way of appeal and to require the immediate attention of this court; . . . .

2. Rule 35(b) refers to reports made by an examining physician and has no relevance to the case at bar.

3. For a discussion supporting this view, see Note, Discovery of Expert Opinions and Conclusions in Condemnation Proceedings in Federal and California Courts, 20 Hastings L.J. 650, 657–658, 665 (1969).

4. This unfairness rationale is mentioned in Note, Proposed 1967 Amendments to the Federal Discovery Rules, 68 Colum.L.Rev. 271, 280 (1968).

5. *Hart* involved, in part, construction of the concept of "control" under our former Civ. R. 34. In this regard, we said that "[W]hile Rule 34 certainly has proper limits, the concept of 'control' should not be given a hypertechnical construction that will undermine the policy favoring liberal pretrial discovery." Hart v. Wolff, 489 P.2d 114, 117 (Alaska 1971).

In *Miller* we upheld under former Civil Rule 34 a discovery order which required production for inspection of all written statements of witnesses to the automobile collision in litigation.[6] In rejecting an "unfairness" contention on the grounds that production would give the benefit to one counsel of the other's preparation, we said:

The question should not be decided on the basis of what is fair or unfair to petitioner's counsel, but rather on the basis of what is most likely to attain the objectives of the rule.

The broad policy of all of our rules permitting discovery is to eliminate surprise at the trial and to make it convenient for the parties to find and preserve all available evidence concerning the facts in issue, thereby encouraging the settlement or expeditious trial of litigation.[7]

This court's promulgation of new civil discovery rules in February, 1973, was not intended to signal any retreat from our previous preference for liberal construction of Alaska's discovery rules or to in any way modify or undercut our rejection in *Miller* of "unfairness" contentions. Thus, we conclude that considerations of unfairness do not furnish a basis for reversing the trial court's discovery order in the present case.[8]

This brings us to the question of whether the superior court erred in deciding that the nature of a condemnation action, standing alone, satisfied the "exceptional circumstances" standard of our present Civil Rule 26(b)(4)(B). Support for the trial court's ruling is found in United States v. Meyer, 398 F.2d 66 (9th Cir. 1968). *Meyer* was a federal condemnation case which was decided before adoption of the 1970 amendments to the federal rules of discovery, but considered these amendments in its reasoning.[9] The court in *Meyer* concluded that condemnation cases possess uniqueness because of their reli-

6. Civ.R. 34 then provided in part:

Upon motion of any party showing good cause therefor and upon notice to all other parties, and subject to the provisions of Rule 30(b), the court in which an action is pending may—

(1) order any party to produce and permit the inspection and copying or photographing, by or on behalf of the moving party, of any designated documents, papers, books, accounts letters, photographs, objects, or tangible things, not privileged, which constitute or contain evidence relating to any of the matters within the scope of the examination permitted by Rule 26(b) and which are in his possession, custody or control . . . .

As to the scope of examination, Civ.R. 26(b) stated that:

Unless otherwise ordered by the court . . . the deponent may be examined regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the examining party or to the claim or defense of any other party, including the existence, description, nature, custody condition and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of relevant facts. It is not ground for objection that the testimony will be inadmissible at the trial if the testimony sought appears reasonably calculated to lead to the discovery of admissible evidence.

7. Miller v. Harpster, 392 P.2d 21, 23 (Alaska 1964). In Security Industries, Inc. v. Fickus, 439 P.2d 172 (Alaska 1968), we followed *Miller* in refuting a similar unfairness contention in the context of a discovery order dispute. There we said *"Miller* subordinated any potential element of unfairness to opposing counsel to the paramount criterion of the attainment of the objectives of our discovery rule . . . ." *Id.* at 178.

8. Civ.R. 26(b)(4)(C) states that the court in allowing discovery under Civ.R. 26(b)(4)(B) shall require the party seeking discovery to pay the other party for a portion of the fees and expenses reasonably incurred by the latter in obtaining the facts and opinions from the expert. In the case at bar the superior court reserved for future determination the question of what portion of the fees and expenses, incurred by petitioner in obtaining facts and opinions from the non-witness expert appraiser, respondents will be required to pay. *See also* Pinellas County v. Carlson, 242 So.2d 714, 720 (Fla.1970) (dissenting opinion).

9. Alaska's discovery rules, as changed in February of 1973, are substantially similar to the federal discovery rules as amended in 1970.

ance upon expert opinion as to value. There the court noted that in a condemnation case it will rarely be possible to make a showing of "exceptional circumstances" under which it is impracticable to obtain other opinions on the same subject because a litigant will not know what facts the opposing party's experts have discovered and what opinions they have formed.[10] By way of dicta, Judge Browning in *Meyer* observed that:

> [A]ppraisers not called as witnesses may have discovered facts, applied techniques, or arrived at opinions which, though not acceptable to the government, were nevertheless relevant to the subject matter of the litigation and helpful to the landowner. It would be intolerable to allow a party to suppress unfavorable ·evidence by deciding not to use a retained expert at trial.[11]

We find these views expressed in *Meyer* persuasive, particularly in light of our holdings in *Miller* and *Fickus*. In *Miller*, with regard to the issue of the adequacy of movant's showing of good cause, we said:

> The requirement of a showing of good cause should not be given a strict or

technical interpretation. At least where the request for production pertains only to written statements.[12]

Subsequently, in *Fickus*, this court had to resolve a dispute concerning a Civil Rule 34 order which required production of all written reports in the possession of the parties "concerning any examination, testing, operation or observation" of a particular vehicle camper unit. In *Fickus*, we held that policy goals behind our discovery rules required the conclusion that the good cause requirement had been met. More particularly, we held that good cause had been demonstrated in the need to eliminate surprise at trial and the need for full cross-examination of the opponent's expert witnesses.[13]

Given *Miller* and *Fickus*, the unique character of the normal condemnation proceeding, the nature of the discovery sought, and our previous interpretations of the requirement of a showing of good cause for discovery, we hold that in the case at bar the "exceptional circumstances" requirement of Civil Rule 26(b)(4)(B) was met. We therefore affirm the superior court's discovery order.

Affirmed.

---

10. 398 F.2d at 76. We note that in *Meyer* the appraisers were all potential witnesses.

11. United States v. Meyer, 398 F.2d 66, 76 (9th Cir. 1968). *See also* United States v. 23.76 Acres of Land, 32 F.R.D. 593 (D.Md. 1963). *Contra*, United States v. John R. Piquette Corp., 52 F.R.D. 370 (E.D.Mich. 1971); 6816.5 Acres of Land v. United States, 411 F.2d 834 (10th Cir. 1969).

We also call attention to Chief Justice Ervin's dissenting opinion in Pinellas County v. Carlson, 242 So.2d 714, 720 (Fla.1970). The Chief Justice noted that "disclosure in a condemnation case of the information possessed by an adverse party's appraiser no doubt comports with the overriding purpose of our procedural rules 'to secure the just, speedy and inexpensive determination of every action.' " *Id.* at 721 (footnote omitted). The goal in a condemnation proceeding is the

payment to the condemnee of "just compensation" and not the withholding of relevant information to enhance the government's position in the litigation.

12. Miller v. Harpster, 392 P.2d 21, 23 (Alaska 1964).

13. Security Industries, Inc. v. Fickus, 439 P.2d 172, 180 (Alaska 1968).

Under the new federal rules of discovery, the requirements for a showing of "exceptional circumstances under which it is impracticable for the party seeking discovery to obtain facts or opinions on the same subject by other means" represents little, if any, change from the requirements for showing "good cause" under former federal Civ.R. 34 that the information sought could not be obtained from other sources. 4 J. Moore, Moore's Federal Practice § 26.66 [4], n. 2 (2d ed. 1972).