David L. BROCKWAY, Sr.,
Plaintiff,

v.

DEPARTMENT OF the AIR FORCE,
Defendant.

No. 73-C-11-CR.

United States District Court,
N. D. Iowa,
Cedar Rapids Division.

Feb. 15, 1974.

Richard P. Moore, Cedar Rapids, Iowa, for plaintiff.

Robert L. Sikma, Asst. U. S. Atty., Sioux City, Iowa, for defendant.

McMANUS, Chief Judge.

This matter is before the court for decision on the briefs of the parties.

In this action brought pursuant to the Freedom of Information Act, 5 U.S.C. § 552, plaintiff seeks to enjoin defendant from withholding certain information from him regarding the death of plaintiff's son in an airplane crash.

From the record, the following facts appear: Plaintiff's son, Second Lieuten-ant David L. Brockway, Jr., was fatally injured when his aircraft crashed during a training mission at England Air Force Base, Louisiana, on February 24, 1972. As a result of the crash and pursuant to Air Force regulations, two investigations were conducted—a Collateral Accident Investigation and a Safety Investigation. Plaintiff, through Air Force administrative channels, requested all accident investigation reports but was denied complete reports on the grounds that certain portions were exempt from disclosure under 5 U.S.C. § 552(b)(4) and (5). Specifically, plaintiff seeks disclosure of the Cessna Aircraft Company Report and the Safety Investigation Report including statements made by witnesses before the Aircraft Accident Investigating Board.

5 U.S.C. § 552, which requires federal agencies to make available to the public certain information, provides in part:

"(b) This section does not apply to matters that are—

. . . (4) trade secrets and commercial or financial information obtained from a person and privileged or confidential;

(5) inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency. . . ."

In his brief, plaintiff contends that the Cessna Report is not exempt under 5 U.S.C. § 552(b)(4) since it is not "commercial or financial information." Plaintiff further contends that the witness statements are not exempt under 5 U.S.C. § 552(b)(5) to the extent that they involve purely factual or scientific material as opposed to opinions of the witnesses or factual material inextricably intertwined with the policy-making process.

In response, the government contends that all factual material contained in the various reports has been disclosed to plaintiff and only materials containing expressions of opinion, conclusions, speculations and recommendations are being

withheld. Specifically, defendant claims that the Cessna Report was provided by a private commercial contractor under a guarantee of confidentiality, thus being exempt under 5 U.S.C. § 552(b)(4). Additionally, defendant claims that statements of witnesses were submitted under a guarantee of confidentiality and thus should not be disclosed. In conclusion, defendant contends that nondisclosure of the witness statements and similar materials is necessary in order for the defendant to be able to get the full information relating to the cause of an aircraft accident so as to be able to avoid similar accidents in the future and reduce the accompanying loss of life.

### Freedom of Information Act

 The basic purposes of the Freedom of Information Act (FIA) are to increase citizens' access to government records and to require federal agencies, upon proper request, to make available to all persons identifiable records which are not specifically exempt. *See* Sterling Drug, Inc. v. F.T.C., 146 U.S.App.D.C. 237, 450 F.2d 698 (1971). 5 U.S.C. § 552(a)(3) places the burden on the agency to sustain its action in withholding records and information. *See* Benson v. General Services Admin., 289 F.Supp. 590, 593 (W.D. Wash.1968). Although the FIA provides for nine exemptions from the disclosure requirements in order to insure that agencies enjoy a free flow of ideas essential to policy and decision making, these exemptions are to be strictly and narrowly construed. *See* Soucie v. David, 145 U.S.App.D.C. 144, 448 F.2d 1067 (1971).

1. *Cessna Report and 5 U.S.C. § 552(b)(4)*

 5 U.S.C. § 552(b)(4) exempts only (1) trade secrets and (2) information which is (a) commercial or financial, (b) obtained from a person outside government, and (c) privileged or confidential. Plaintiff, in his brief, concedes that the Cessna Report was obtained in confidence from a person outside government but contends that it is not "commercial or financial information." Although the legislative history of the phrase "commercial . . . information" contained in 5 U.S.C. § 552(b)(4) is of little assistance and there have been few judicial clarifications, the House Report provides some insight wherein it provides, in part, that the exemption

> "would also include information which is given to an agency in confidence, since a citizen must be able to confide in his Government. Moreover, where the Government has obligated itself in good faith not to disclose documents or information which it receives, it should be able to honor such obligations." [1]

Furthermore, the court must give the phrase[2] a common-sense interpretation consistent with the purpose of the exemption which is to protect the privacy and competitive position of persons who provide information to assist governmental decision making under assurances of confidentiality. *See* Bristol-Myers Co. v. F.T.C., 138 U.S.App.D.C. 22, 424 F.2d 935, 938 (1970); Soucie v. David, *supra*, 448 F.2d at 1078.

 The Cessna Aircraft Company, being a private defense contractor, is unquestionably a commercial enterprise and the reports it generates must generally be considered commercial information which in many instances it may be unwilling to share with competitors. In this case it involves a report concerning Cessna's findings and opinions as to the possible causes of the accident in question, which report Cessna has submitted under assurances of confidentiality. If such information was not considered confidential, the Air Force would be

---

1. H.Rep.No.1497, 89th Cong., 2nd Sess. 10, U.S.Code Cong. & Admin.News 1966, pp. 2418, 2427 (1966).

2. Webster's Third New International Dictionary defines commercial as "related to or dealing with commerce . . . having profit as the primary aim. . . . ."

hindered in obtaining valuable and necessary information relative to determining the causes of accidents and developing means for avoiding similar occurrences in the future.

Accordingly, upon examining the Cessna Report *in camera*, and in view of the circumstances under which it was provided the government, it is the court's view that the Report is exempt from disclosure in that it constitutes confidential commercial information obtained from a person outside government. 5 U.S.C. § 552(b)(4). *See* Sterling Drug, Inc. v. F.T.C., *supra*, at 709–710.

2. *Witness Statements and 5 U.S.C. § 552(b)(5)*

■■ Since the witness statements were made by persons within the government, the exemption provided by § 552(b)(4) is not available and thus the possibility of exemption as "inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency" pursuant to § 552(b)(5) must be considered. The exemption of § 552(b)(5)

> "was intended to encourage the free exchange of ideas during the process of deliberation and policymaking; . . . it has been held to protect internal communications consisting of advice, recommendations, opinions, and other material reflecting deliberative or policy-making processes, but not purely factual or investigatory reports. Factual information may be protected only if it is inextricably intertwined with policy-making processes. . . . But courts must beware of 'the inevitable temptation of a government litigant to give [this exemption] an expansive interpretation in relation to the particular records in issue.'" Soucie v. David, *supra*, at 1077–1078.

Thus in order for the witness statements to be exempt, the burden is on the government to establish that they are inter- or intra-agency memoranda or letters which would not be available to a party in litigation with the agency based upon present discovery practices as regulated by the courts. *See* Consumers Union of United States, Inc. v. Veteran's Admin., 301 F.Supp. 796, 804 (S.D. N.Y.1969).

■ Assuming that the written statements are "intra-agency memoranda or letters," such statements would ordinarily be subject to discovery under Rule 34(a), F.R.Civ.P., subject to the scope limitations of Rule 26(b)(3), F.R.C.P. Rule 26(b)(3) provides, in part:

> "[A] party may obtain discovery of documents . . . prepared . . . by . . . another party . . . only upon a showing that the party seeking discovery has substantial need of the materials . . . and that he is unable without undue hardship to obtain the substantial equivalent of the materials by other means. In ordering discovery of such materials . . . the court shall protect against disclosure of the . . . conclusions [or] opinions . . . of a party. . . ."

In determining what constitutes "undue hardship" and "substantial need" with regard to a demand for witness statements, in cases such as this, the relevant factors include the lapse of time since the accident, the availability and location of witnesses, whether the witnesses are employees or agents of an adverse party, the availability of evidence after the accident and whether there were any survivors. *See* United Air Lines, Inc. v. United States, 186 F.Supp. 824, 825–827 (D.Del.1960). Applying these factors to the facts of this case, it is the court's view that plaintiff has adequately established the "undue hardship" and "substantial need" necessary to justify disclosure of the witness statements. The accident happened nearly two years ago and the statements made by witnesses soon after the accident are more likely to be accurate than their present recollections. Additionally, the witnesses are employees of the defendant and thus are likely to be geographically dispersed and possibly reluctant to disclose any information that may fix responsibility on the Air Force. Final-

ly, there were no survivors of the crash and it is extemely difficult for plaintiff to determine what actually happened other than by obtaining the facts and evidence in defendant's possession.

Although plaintiff has established a substantial need for the witness statements as required by Rule 26(b)(3), F.R.C.P., consideration must also be given to the defendant's claim of confidentiality or privilege. In essence, defendant contends that the witness statements were obtained under a guarantee of confidentiality and that in the absence of such confidentiality the Air Force's flight safety program would be seriously compromised since witnesses and persons involved would be less likely to disclose the information necessary to determining the cause of accidents and means of avoiding future accidents. Numerous courts have previously considered this same question and have generally rejected the Air Force's argument as it relates to factual materials such as witness statements as opposed to materials containing opinions, conclusions or recommendations on the ground that courts are entitled to full disclosure of all relevant facts and evidence in ascertaining the truth. *See* Machin v. Zubbert, 114 U.S.App.D.C. 335, 316 F.2d 336, 339–341 (1963); McFadden v. Avco Corp., 278 F.Supp. 57, 59–60 (M.D.Ala.1967); O'Keefe v. Boeing Co., 38 F.R.D. 329, 334–335 (S.D.N.Y.1965); United Air Lines, Inc. v. United States, *supra*, at 826–828. Similarly, these courts have rejected as inadequate the government's offer of disclosing witnesses' names, making witnesses available and allowing witnesses to refresh their recollections from their previous statements.

Upon reviewing these cases, and having examined the defendant's witness statements *in camera*, it is the court's view that under current discovery practices plaintiff would be entitled to those witness statements which contain basically factual matters surrounding the accident in question. Accordingly these statements are not exempted from disclosure by 5 U.S.C. § 552(b)(5) and must be made available to plaintiff.

The witness statements of Major Richard R. Clark, Major Robert L. Martin and Captain John M. Gay, however, contain only character and ability evaluations which are not discoverable and are thus exempted from disclosure by § 552(b)(5).

It is therefore

Ordered

1. The defendant need not disclose the Cessna Aircraft Company Report.

2. The defendant shall make available to plaintiff the witness statements plaintiff has requested except for the statements of Major Richard R. Clark, Major Robert L. Martin and Captain John M. Gay.

3. The effective date of this order is stayed for sixty (60) days from this date within which time the defendant may file notice of appeal and if such notice is filed then this order is stayed pending conclusion of proceedings in the Court of Appeals.