William VAN ALEN, Petitioner,

v.

ANCHORAGE SKI CLUB, INC., et al., Respondents.

No. 2448.

Supreme Court of Alaska.

June 9, 1975.

Thomas R. Tatka and Joseph L. Young, of Atkinson, Conway, Young, Bell & Gagnon, Anchorage, for petitioner.

Max N. Peabody, Robert L. Eastaugh & James J. Delaney of Delaney, Wiles, Moore, Hayes & Reitman, Inc., Anchorage, for respondents.

Before RABINOWITZ, C. J., and CONNOR, ERWIN, BOOCHEVER and BURKE, JJ.

## OPINION

CONNOR, Justice.

Petitioner, William Van Alen, brought an action against respondents, the Anchorage Ski Club, Anthony Schaff and Duane Luedke, alleging that he was injured while using their ski lift facilities at Arctic Valley on or about January 12, 1974. Subsequently, Van Alen served respondents with a request for "copies of the statements of all eyewitnesses to Mr. Van Alen's accident or events leading to the accident."

Respondents objected to this request for production, and on December 6, 1974, Van Alen submitted a motion to compel discovery to the superior court.

Following the presentation of written memoranda and oral argument by both sides, the superior court refused to compel production of the eyewitness statements. Van Alen seeks review from that ruling.

█ At the outset respondent urges that this case does not satisfy the standards set forth in Appellate Rules 23 and 24, and that, therefore, review of this petition should be denied. We have, however, decided to grant review under the criteria of Appellate Rules 23 and 24(a).[1] Because this case concerns a basic rule of civil discovery procedure,[2] we have decided to exercise our discretion in favor of granting review.[3]

Turning to the merits of the petition, petitioner contends that the production of eyewitness statements is controlled by the ruling in Miller v. Harpster, 392 P.2d 21 (Alaska 1964). The superior court ruled that Alaska Civil Rule 26, as amended in February of 1973, constituted a withdrawal from the principles enunciated in *Miller*, and that, to compel production of eyewitness statements prepared for litigation, the moving party must show substantial need and hardship.[4]

In order to clearly understand the issue, a brief review of the history of Alaska's relevant discovery rules is helpful. When Miller v. Harpster was decided in 1964,

1. Appellate Rule 23 provides in pertinent part:

"An aggrieved party, including the State of Alaska, may petition this court as set forth in Rule 24 to be permitted to review any order or decision of the superior court, not otherwise appealable under Rule 5, in any action or proceeding, civil or criminal, as follows:

. . . . .

(d) Where such an order or decision involves a controlling question of law as to which there is substantial ground for difference of opinion, and where an immediate and present review of such order or decision may materially advance the ultimate termination of the litigation."

Appellate Rule 24(a) provides in part:

"(a) A review is not a matter or right, but will be granted only: (1) where the order or decision sought to be reviewed is of such substance and importance as to justify deviation from the normal appellate procedure by way of appeal and to require the immediate attention of this court; . . . ."

2. Alaska Civil Rule 26(b) provides in part:

"(b) Unless otherwise limited by order of the court in accordance with these rules, the scope of discovery is as follows:

(1) *In general.* Parties may obtain discovery regarding any matter, not privileged which is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the party seeking discovery or to the claim or defense of any other party, including the existence, description, nature, custody, condition and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter. It

is not ground for objection that the information sought will be inadmissible at the trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence.

. . . . .

(3) *Trial Preparation: Materials.* Subject to the provisions of subdivision (b) (4) of this rule, a party may obtain discovery of documents and tangible things otherwise discoverable under subdivision (b)(1) of this rule and prepared in anticipation of litigation or for trial by or for another party or by or for that other party's representative (including his attorney, consultant, surety, indemnitor, insurer, or agent) only upon a showing that the party seeking discovery has substantial need of the materials in the preparation of his case and that he is unable without undue hardship to obtain the substantial equivalent of the materials by other means. In ordering discovery of such materials when the required showing has been made, the court shall protect against disclosure of the mental impressions, conclusions, opinions, or legal theories of an attorney or other representative of a party concerning the litigation.

. . . . .

3. On other occasions we have undertaken review of cases relating to the scope or showing necessary to compel production. *See, e. g.,* United Services Automobile Association v. Werley, 526 P.2d 28 (Alaska 1974) ; State v. Leach, 516 P.2d 1383 (Alaska 1973) ; Security Industries, Inc. v. Fickus, 439 P.2d 172 (Alaska 1968) ; Miller v. Harpster, 392 P.2d 21 (Alaska 1964).

4. *See* Alaska R.Civ.P. 26(b)(3), *supra* note 2.

discovery and production of all documents, whether prepared for litigation or not, was controlled by former Alaska Civil Rule 34.[5] That rule required a showing of "good cause" in order to compel production. In construing that requirement, as it related to production of eyewitness statements, we stated:

> "The requirement of a showing of good cause should not be given a strict or technical interpretation. At least where the request for production pertains only to written statements. It should not be necessary for opposing counsel to show that the witnesses are no longer available or that additional statements could not be obtained except at great expenditure of time and money. The information contained in the statements of the eyewitnesses belongs to both parties to the dispute. The sooner both parties are aware of the observations of the witnesses, the sooner the litigation can proceed along the usual lines toward settlement or trial.

> Even though opposing counsel could obtain statements from the witnesses without undue inconvenience and expense, they would not be the same in every detail as those taken at an earlier date. As long as earlier impressions of a witness have been recorded, they should be made available to all parties

for whatever assistance they may lend." Miller v. Harpster, *supra*, 392 P.2d at 23.

In February, 1973, we made substantial changes in our rules. The "good cause" requirement of former Civil Rule 34 was replaced by a general rule of "relevance" under Alaska Civil Rule 26(b)(1).[6] However, before a party may discover materials prepared in anticipation of litigation, he must make a showing of "substantial need" and "undue hardship."[7] The superior court and respondents reason that the change in Alaska's discovery rules precludes petitioner from obtaining eyewitness statements prepared in anticipation of litigation unless there is a showing of substantial need and undue hardship.

■ We do not agree. We have repeatedly stated that Alaska's discovery rules should be given a liberal interpretation in order to effectuate the underlying purpose of those rules.[8] Nothing in the rule changes upon which respondents rely signifies any retrenchment from that philosophy.

Nor do the rule changes promulgated in February of 1973 implicitly overrule Miller v. Harpster. In State v. Leach, 516 P.2d 1383, 1385 (Alaska 1973), we expressly reaffirmed our ruling in Miller v. Harpster, and we stated that the promulgation of new civil discovery rules in February of 1973 did not undercut the *Miller* opinion

---

5. That rule stated:
   "Upon motion of any party showing *good cause* therefor and upon notice to all other parties, and subject to the provisions of Rule 30(b), the court in which an action is pending may—
   (1) order any party to produce and permit the inspection and copying or photographing, by or on behalf of the moving party, of any designated documents, papers, books, accounts, letters, photographs, objects, or tangible things, not privileged, which constitute or contain evidence relating to any of the matters within the scope of the examination permitted by Rule 26(b) and which are in his possession, custody or control; or
   (2) order any party to permit entry upon designated land or other property in his pos-

session or control for the purpose of inspecting, measuring, surveying, or photographing the property or any designated object or operation thereon within the scope of the examination permitted by Rule 26(b).
   The order shall specify the time, place, and manner of making the inspection and taking the copies and photographs and may prescribe such terms and conditions as are just." (emphasis added)

6. *See* note 2, *supra*.

7. *Id.*

8. See, *e. g.*, United Services Automobile Association v. Werley, 526 P.2d 28, 31 (Alaska 1974); State v. Leach, 516 P.2d 1383, 1384 (Alaska 1973); Miller v. Harpster, 392 P.2d 21, 23–24 (Alaska 1964).

with regard to its holding that liberal production of eyewitness statements was not unfair.

■ The *Leach* opinion went on to hold that the unique nature of appraisers' opinions in condemnation cases satisfied the "exceptional circumstances" requirement of Alaska Civil Rule 26(b)(4)(B).[9] Similarly, we hold that, since no eyewitness statement would be the same in every detail as a statement by the same person, given at an earlier date,[10] there is an obvious substantial need for such statements, and there is an inherent undue hardship in requiring a party to obtain the "substantial equivalent" of a document which cannot with any reliability be readily duplicated through one's own efforts.

The ruling below is reversed, and the case is remanded for proceedings in accordance with this opinion.

BOOCHEVER, Justice (dissenting).

Although the result reached by the majority may well be a desirable one, I cannot concur in it since, in my view, it is contrary to the express terms of Alaska Rule of Civil Procedure 26(b)(3). That rule requires a party seeking discovery of materials prepared "in anticipation of litigation or for trial" including statements made by

witnesses[1] to make a showing that he has "substantial need of the materials in the preparation of his case and that he is unable without undue hardship to obtain the substantial equivalent of the materials by other means".

Any contention that statements of witnesses do not come within this requirement is refuted by the fact that the very same subsection creates an exception to the required showing when a party seeks to discover his own previous statements made concerning the action. Likewise, a person not a party to the suit may obtain statements concerning the action previously made by that person.[2] There would seemingly be no need for such exceptions if it were not necessary to make the required showing with reference to the securing of statements made by other witnesses.

I agree with the majority that Alaska's discovery rules should be given a liberal interpretation in order to effectuate their underlying purpose, and I would also be in favor of considering possible changes in the rule to exempt eyewitness' statements from the operation of the rule.[3] However, given Civil Rule 26(b)(3) as it is presently written, I do not see how we can fairly construe the rule as not requiring the specified showing.

9. Alaska Civil Rule 26(b)(4)(B) states:
   "(B) A party may discover facts known or opinions held by an expert who has been retained or specially employed by another party in anticipation of litigation or preparation for trial and who is not expected to be called as a witness at trial, only as provided in Rule 35(b) or upon a showing of exceptional circumstances under which it is impracticable for the party seeking discovery to obtain facts or opinions on the same subject by other means."

10. *See* Miller v. Harpster, 392 P.2d 21, 23 (Alaska 1964).

1. For federal decisions so interpreting their analogous F.R.Civ.P. 26(b)(3), *see*, e. g., Brockway v. Department of the Air Force,

370 F.Supp. 738 (D.Iowa 1974); United States v. Real Estate Board, 59 F.R.D. 637 (D.Mo.1973).

2. Alaska R.Civ.P. 26(b)(3) provides in pertinent part:
   A party may obtain without the required showing a statement concerning the action or its subject matter previously made by that party. Upon request, a person not a party may obtain without the required showing a statement concerning the action or its subject matter previously made by that person.

3. This would be more in line with our prior practice. *See* Alaska Public Utilities Commission v. Greater Anchorage Area Borough, 534·P.2d 549 n. 7 (1975).