Jan DOBBS and Julie Nichols, Individually and as Class Representatives, Plaintiffs,

v.

LAMONTS APPAREL, INC., Defendant.

No. A93–0472–CV (HRH).

United States District Court, D. Alaska.

March 23, 1994.

David E. Grashin, David E. Grashin & Assoc. and John E. Casperson, Faulkner, Banfield, Doogan & Holmes, Seattle, WA, for plaintiffs.

Gary M. Guarino and Brue E. Gagnon, Atkinson, Conway & Gagnon, Inc., Anchorage, AK, for defendant.

## ORDER

HOLLAND, Chief Judge.

### Discovery of Answers to Attorney Questionnaire

Plaintiffs move for a protective order[1] with respect to the answers to written questions informally put to potential class members. The motion is opposed, and the opposition includes a cross-motion to compel production.[2] Oral argument has not been requested and is not deemed necessary.

Plaintiffs' attorneys sent a questionnaire to present and former employees of defendant who are potential class members. Answers were obtained. Subsequently in the course of discovery, the blank, form questionnaire was produced and is therefore now available to defendant, and plaintiffs have identified the responding employees for the defendant. By their motion, plaintiffs seek to protect from discovery the verbatim answers to counsel's questionnaires as attorney work product. By its motion, defendant seeks to compel the production of these answers.

Rule 26(b), Federal Rules of Civil Procedure, provides in part:

(3) *Trial Preparation: Materials.* Subject to the provisions of subdivision (b)(4) of this rule, a party may obtain discovery of documents and tangible things otherwise discoverable under subdivision (b)(1) of this rule and prepared in anticipation of litigation or for trial by or for another party or by or for that other party's representative (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent) only upon a showing that the party seeking discovery has substantial need of the materials in the preparation of the party's case and that the party is unable without undue hardship to obtain the substantial equivalent of the materials by other means. In ordering discovery of such materials when the required showing has been made, the court shall protect against disclosure of the mental impressions, conclusions, opinions, or legal theories of an attorney or other representative of a party concerning the litigation.

This rule is aimed at protecting the mental impressions and legal theories of counsel. Such protection has its origins in *Hickman v. Taylor,* 329 U.S. 495, 510–11, 67 S.Ct. 385, 393–94, 91 L.Ed. 451 (1947). It must be noted, however, that Rule 26(b)(3) has application to discovery of "documents and tangible things otherwise discoverable"; "and ... it does not bar discovery of facts a party may have learned from documents that are not themselves discoverable." 8 Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2024 at 197 (1970 & Supp. 1993). The court assumes for purposes of this order that the informal, third-party answers obtained by plaintiffs are "documents" to which this rule might apply. The issue of substance raised by the instant motions is: May plaintiffs insulate from discovery the verbatim, third-party witness statements obtained as a part of the development of their case? Stating the same question from the defendant's perspective, we must decide whether or not the verbatim, third-party witness statements in question are subject to production under Rule 34.

The material in question falls within the traditional view of that which is attorney work product and protected by Rule 26(b)(3). *See* 8 Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2028 at 240 (1970 & Supp.1993). In concluding their discussion of this subject, professors Wright and Miller criticize the application of Rule 26(b)(3) to situations such as this, saying:

But even though it may be clear that the law is moving in the direction of making statements of witnesses routinely discoverable, it is not there yet, and for the time being the federal courts must live with the curious provisions of Rule 26(b)(3) by which a party can obtain the statement of a witness only on a showing of necessity and inability to obtain the facts elsewhere while the witness himself—who ordinarily will have far less interest in the matter—

---

1. Clerk's Docket No. 14.

2. Clerk's Docket No. 25.

can have a copy as a matter of right on a simple request.

In this section of their text, Wright and Miller seem to suggest that witness statements should be routinely discoverable because such statements are discoverable by the witness who made the statements.

In *Penk v. Oregon State Board of Higher Education,* 99 F.R.D. 511 (D.Or.1983), the Oregon District Court dealt with the identical situation that we now have. However, in *Penk,* the party seeking discovery of answers to questionnaires put to potential class members endeavored to and was ultimately authorized to obtain that information by the vehicle of interrogatories to the other party. Apparently, production of the actual answers was not sought.

Relying upon *Hickman v. Taylor,* 329 U.S. 495, 507, 67 S.Ct. 385, 391, 91 L.Ed. 451 (1947), the court in *Penk* emphasized that it is necessary to effective litigation for relevant facts to be available to both parties. "To that end, either party may compel the other to disgorge whatever facts he has in his possession." *Hickman,* 329 U.S. at 507, 67 S.Ct. at 391. The court in *Penk* observed further:

> The [Supreme] Court then made clear that factual information obtained by counsel during the course of investigation and trial preparation may be discovered by interrogatories served on counsel: "Interrogatories were directed toward all the events prior to, during and subsequent to the sinking of the tug. Full and honest answers to such broad inquiries *would necessarily have included all pertinent information gleaned by [defendants' counsel] through his interviews with the witnesses.*" Similarly, factual information gleaned by plaintiffs' counsel from the questionnaires sent to class members is discoverable by defendant through interrogatories served on plaintiffs' counsel.

*Penk,* 99 F.R.D. at 516–17, *quoting Hickman,* 329 U.S. at 508–09, 67 S.Ct. at 392–93

(citation omitted, emphasis and alteration in *Penk* ).

Rule 1, Federal Rules of Civil Procedure, provides in pertinent part that the Rules of Federal Procedure "shall be construed to secure the just, speedy, and inexpensive determination of every action."

There is no question but that the factual information sought by defendant is discoverable from those who possess it (the third-party witnesses and plaintiffs' counsel). The knowledge held by these third parties is not privileged. What is qualifiably privileged is the work of counsel. What a witness "knows" is not the work of counsel. That the witness' knowledge should be discoverable on a first-hand basis, but not in the form of answers given to opposing counsel in writing, strikes the court as an example of elevating form above substance; and, as far as the qualified work product privilege is concerned, a fiction.

Access to the information now possessed by plaintiffs will almost surely result in some depositions, but it is, in the court's view, equally sure that defendant can and will be selective in whom it chooses to depose. Plaintiffs suggest that the discovery work be done the hard and expensive way rather than the more efficient and less costly way. Plaintiffs' insistence that defendant use the deposition route is the kind of "knee-jerk" response that brings counsel and the court into disrepute with the public. The court rejects this notion.

An obvious alternative to plaintiffs' suggestion of depositions is the use of Rule 31, Federal Rules of Civil Procedure, which permits depositions on written questions. Having the questions in hand, defendant could formally put them to the witnesses. There are practical reasons why this approach is undesirable. Given the opportunity to answer the same question twice at a substantial time interval, almost anyone will answer the question differently unless coached to give the same answer.[3] If defendant were required to deal with the instant problem

---

**3.** As reflected by Rule 26(b)(3) and the discussion of *Federal Practice and Procedure* § 2028, recipients of Rule 31 questions would be entitled to a copy of their prior statements to plaintiffs' counsel; but they likely would not know that unless so informed by plaintiffs' counsel, who might or might not see fit to do so.

through the deposition-on-written-question technique, the court and counsel would surely be plagued throughout this litigation by needlessly inconsistent answers from the same witnesses. If plaintiffs' counsel does coach the respondents with their original answers to the informal questions, defendant will surely get by indirect means exactly the answers sought directly by motion to compel.

The other obvious alternative to plaintiffs' suggestion of depositions is the use of Rule 33, Federal Rules of Civil Procedure, which permits interrogatories. This is the approach taken by the parties and the court in *Penk*. Here, too, there are practical problems. Rather than get firsthand information from the witnesses who have provided statements to the plaintiffs, defendant must be satisfied with plaintiffs' counsel's interpretations of what the witnesses have said, and his determination of what is and what is not factual. More importantly, the approach taken in *Penk* unmasks the irony and absence of rationality inherent in applying Rule 26(b)(3) so as to insulate from discovery the verbatim statements of third-party witnesses.

As set out above, a principal purpose of Rule 26(b)(3) is the protection of the mental impressions and legal theories of counsel. If Rule 33 is the only vehicle for discovery of facts contained in verbatim, third-party witness statements, we allow (indeed, require) plaintiffs' counsel to use the very mental faculties which he employs to develop the case for his clients to evaluate verbatim, third-party witness statements for the purpose of sorting out that which is fact and discoverable. Rather than allow defendant to see for itself what third-party witnesses have said, we allow plaintiff's counsel to answer in *his* words rather than the witness' words. We require that defendant be satisfied with the very mental impressions that Rule 26(b)(3) protects in other circumstances. Were we to give plaintiffs' counsel such an opportunity, we could hardly criticize if counsel were to put his "spin" on the facts as related by the third-party witnesses. The court rejects the notion that it serves the purposes of the Federal Rules of Civil Procedure to make the facts known by third-party witnesses so obscure or difficult to obtain.

Discovery of the material contained in a verbatim, third-party witness statement by other means will simply not be the substantial equivalent of the earlier written statement. As already suggested, this court views the attorney work product rule as involving a kind of fiction when the subject is the verbatim statements of witnesses. What counsel are entitled to protect is *their* work and *their* thoughts and *their* analysis of the case, not the knowledge possessed by third parties.

It is the view of this court that a verbatim witness statement, even one solicited by counsel, is *per se* necessary to the full and efficient development of a case. No subsequent form of discovery can realistically take the place of a witness' prior written statement, whoever may come into possession of it. It is this court's view that the verbatim, third-party witness statement is, by its very nature, material which must be subject to efficient discovery without being filtered by someone else.

Thus, on the particular facts of this case, the court rejects the notion that defendant must make any showing of substantial need or inability to otherwise obtain the material beyond the showing already made and discussed above.

In *Van Alen v. Anchorage Ski Club, Inc.*, 536 P.2d 784 (Alaska 1975), the Alaska Supreme Court reached a similar result under provisions of Alaska Civil Rule 26(b)(3). The Alaska Supreme Court considered eyewitness statements to be "unique", and that their nature satisfied the "substantial need" and "undue hardship" requirements of the Alaska rule. This court is not bound by Alaska decisions, but this court concurs in *Van Alen* and would, as hereinabove suggested, make all verbatim third-party witness statements discoverable under Rule 34, Federal Rules of Civil Procedure. Were we dealing with counsel's "summaries" of witness statements, or any other formulation of them which demonstrably involved counsel's thought processes, then a different result would probably be required. The fact that counsel posed the questions, however, should not insulate the answers from discovery.

The suggestion that a protective order may have the effect of protecting defendant's

present employees from retaliation by the defendant strikes the court as disingenuous. Having identified the witnesses and having conceded that they may be deposed, the information in question will more probably than not become available to defendant. If defendant were disposed to retaliate against its employees, it will eventually have the information to do so however the court rules on these motions. Plaintiffs have put forth no evidence that defendant might retaliate against its employees. That is an entirely different issue from this discovery question, and is a matter which can and would be addressed by the court if defendant were so foolish as to retaliate against its employees for asserting potential legal rights.

Being unconvinced that the work product rule should reach the third-party verbatim answers to counsel's questionnaire to defendants' employees, the motion for protective order is denied and the motion to compel is granted. The answers shall be produced on or before April 7, 1994.