Lemire, James R., J.
Defendant Robert Judson (“Judson” or “defendant”) moves this court to compel subrogee plaintiff Arnica Insurance Co., Inc. (“Arnica”) to produce certain documents contained within its file that plaintiff Arnica has identified as protected by the work product privilege. The documents at issue concern the White plaintiffs’ loss in connection with an oil leak. Specifically, Judson moves to compel a file report regarding the loss to the plaintiffs and a communication from the White plaintiffs to the file. For the reasons more particularly stated below, the defendant’s motion is DENIED.

DISCUSSION

Judson argues that the court should compel production of the documents because they could not be protected by the work product privilege. In support of his claim, he argues (1) that the documents at issue were created or placed in the file prior to retention of counsel and therefore could not be considered work product because they could not have been created in anticipation of litigation; (2) the plaintiffs waived the privilege by allowing a witness to testify relying upon the documents at issue; (3) communications from the White plaintiffs to the Arnica plaintiff cannot be considered work product because they were not prepared at the direction of an attorney by the attorney’s client or by the attorney’s agent; (4) the documents at issue are highly relevant to disputed issues and not otherwise available; and (5) even assuming that the documents are otherwise protected by the privilege, the part that constitutes work product may be redacted from the documents and the court may order the redacted documents produced.
The court finds flawed defendant’s first argument that a document could not have been created in anticipation of litigation if counsel had not first been retained. Mass.R.Civ.P. 26(b)(3) protects from discovery “documents and tangible things otherwise discoverable under subdivision (b)(1) and prepared in anticipation of litigation or for trial by or for another party or for that other party’s representative” Mass.R.Civ.P. 26(b)(3). The rule does not limit work product protection to materials prepared in anticipation of litigation by an attorney. As the affidavit of AMICA’s representative provides, AMICA anticipated a lawsuit once the insured reported an oil leak in their home. AMICA investigated the claim itself and hired expert consultants to determine the cause of the leak before eventually retaining counsel. Because these materials were prepared in anticipation of litigation, it is irrelevant that they were not prepared by an attorney or after AMICA’s retention of counsel.
Judson’s second asserted basis for compelling discovery is also unpersuasive. The circumstances do not provide a factual predicate to permit the court to compel discovery of the documents. Judson asserts that AMICA waived the privilege by permitting the plaintiffs’ witnesses to testify about the date the oil leak was first discovered because the witnesses relied on the documents Judson seeks to discover to refresh their recollection. According to the papers, however, the plaintiffs had an independent memory about the date the oil leak was first discovered — the Whites from their own observations and the AMICA representative from communications with the Whites, and, consequently, the witnesses did not use the contents of the file to refresh their recollection. Even assuming that that were the law in Massachusetts, then,[3] the plaintiffs cannot be said to have waived their privilege by relying on the documents to refresh their recollection.
Nor does the fact that the documents as to which plaintiffs have asserted a privilege were not prepared at the direction of an attorney affect the court’s determination of this motion. The discovery rule does not limit the definition of work product to work prepared at the direction of an attorney, or distinguish between work prepared at the direction of an attorney and work prepared otherwise in anticipation of litigation. See Mass.R.Civ.P. 26(b)(3). The touchstone, rather, is whether the work was prepared in anticipation of litigation. See id. AMICA has demonstrated that the documents as to which it has asserted a privilege (including the file and the communication by the Whites to AMICA contained in its file) were prepared in anticipation of litigation. See Affidavit of Deb Hop-kinson (Hopkinson Aff.). The inquiry ends there. The court will not compel production of the documents on this basis.
Judsons fourth basis for compelling production— that the information contained in the document cannot be procured by other means — also does form a basis for the court to compel production of the documents. Judson argues that the information contained *181 in the documents, including a contemporaneous record of the Whites’ statement of the date the oil leak started, is extremely relevant and not otherwise available. The rule provides that materials otherwise protected as work product are discoverable upon a showing by a party of substantial need for the materials in preparation of that party’s case and that the party cannot obtain the substantial equivalent of the materials without undue hardship. Mass.R.Civ.P. 26(b(3). Even when the showing is made, “the court shall protect against disclosure of the mental impressions, conclusions, opinions, or legal theories of an attorney or other representative of a party concerning the litigation.” Id. In this case, the underlying information which Judson seeks in preparation of his case is the information concerning the date the oil leak began. Judson alleges that an assertion as to this by the Whites is contained in the file report and in the communication from the Whites. Even assuming it is, however, Judson can obtain the same information concerning the Whites’ knowledge of the date the oil leak began by deposing the Whites and the AMICA agent who communicated with the Whites concerning this issue, which the defendants have already done. See United States v. Real Estate Bd. of Met. St Louis, 59 F.R.D. 637, 639 (E.D.Mo. 1973). The court will not compel the documents on this basis.
Finally, contrary to Judson’s request, the court will not review the documents in camera, redact the work product portion and compel discovery of the rest. In these circumstances, where the documents were created in anticipation of litigation and where the defendants have not shown substantial need for the documents or undue hardship in obtaining the information by another means, the court will not compel discovery of the documents.
Subject to the provisions of subdivision (b)(4) of this rule, a party may obtain discovery of documents and tangible things otherwise discoverable under subdivision (b)(1) of this rule and prepared in anticipation of litigation or for trial by or for another party or for that other party’s representative “. . . only upon a showing that the party seeking discovery has substantial need of the materials in the preparation of his case and that he is unable without undue hardship to obtain the substantial equivalent of the materials by other means.”

ORDER

For these reasons, defendant’s motion is DENIED.

Judson correctly notes that Massachusetts courts have not decided the question whether the work product protection is waived when a witness refreshes his recollection by referring to a document. As Judson correctly points out, however, courts in other jurisdictions have held that use of privileged documents to refresh one’s recollection waives the privilege attendant to those documents. Because the issue is not before it, the court declines to address the question.