**Charles MUNNS, Petitioner,**

v.

**VOLKSWAGENWERK, A.G., and Volkswagen of America, Inc., Respondents.**

**No. 2537.**

Supreme Court of Alaska.

Sept. 10, 1975.

W. Michael Moody, Atkinson, Conway, Young, Bell & Gagnon, Theodore R. Dunn and David Shimek, Matthews, Dunn & Baily, Anchorage, for petitioner.

James J. Delaney, Jr., and Robert L. Eastaugh, Delaney, Wiles, Moore, Hayes & Reitman, Inc., Anchorage, for respondents.

Before RABINOWITZ, Chief Justice, and CONNOR, ERWIN, BOOCHEVER and BURKE, Justices.

## OPINION

ERWIN, Justice.

The question presented for review[1] is whether it was error under Civil Rule 26(b)(4) [2] for the trial court in a products liability case to require a party to a lawsuit to disclose the names of, and submit to depositions, all experts he consults about the case before the party has indicated

---

1. Review was granted herein under the provisions of Appellate Rule 23(e). Delay would have resulted in impairment of substantial legal rights of petitioner.

2. Civil Rule 26(b)(4) provides, in part:
   (A)(i) A party may through interrogatories require any other party to identify each person whom the other party expects to call as an expert witness at trial, to state the subject matter on which the expert is expected to testify, and to state the substance of the facts and opinions to which the expert is expected to testify and a summary of the grounds for each opinion.
   . . .

(B) A party may discover facts known or opinions held by an expert who has been retained or specially employed by another party in anticipation of litigation or preparation for trial and who is not expected to be called as a witness at trial, only as provided in Rule 35(b) or upon a showing of exceptional circumstances under which it is impracticable for the party seeking discovery to obtain facts or opinions on the same subject by other means.

whether or not the experts will be called as witnesses for trial.[3]

We note initially that petitioner stated in superior court that he was willing to name all experts who had been in contact with or had possession of the defective product so that respondents could determine if any change had been made in the product. Such an offer was partially reflected in the order of the court which granted respondents' motion to give them

> leave to take the depositions of any persons who have handled, examined, or tested the seat belt assembly or the vehicle involved in the accident, or any part thereof.

However, the superior court also ordered that

> if any deposition goes beyond inquiry into the mere physical facts of what such person did with or to the seat belt assembly or the vehicle, defendants will not be able to use such portions of the deposition at trial for any purpose without first obtaining leave of court outside the presence of the jury.

Such an order actually required disclosure of the opinion of any expert consulted even though such expert had not been designated as a trial witness.

The clear language of Rule 26(b)(4) is to the contrary and is controlling unless the language has been modified by court opinion. Respondents urge, and the trial court found, that the requirement of "exceptional circumstances" before requiring disclosure of the names of experts before that party has designated what experts he intends to call for trial was abrogated by the decision of this Court in *State v. Leach*.[4]

We conclude, however, that this interpretation of the *Leach* opinion is unwarranted even under the liberal canons of construction applied to discovery rules.[5]

*Leach* is based upon the peculiar circumstances of condemnation cases where the valuation of property is subject to recognized criteria and suppression of unfavorable appraisals would be the equivalent of permitting the government to suppress unfavorable evidence concerning the proper value of property, thus enhancing the government's position in the litigation.[6] In *Van Alen v. Anchorage Ski Club, Inc.*,[7] this unique circumstance of expert opinions in the field of condemnation was again referred to:

> The *Leach* opinion went on to hold that the unique nature of appraisers' opinions in condemnation cases satisfied the "exceptional circumstances" requirement of Alaska Civil Rule 26(b)(4)(B).[8]

No unique circumstances in the area of products liability have been demonstrated which would lead us to the conclusion that the requirement of showing "exceptional circumstances" in such cases should be similarly modified.

Nothing herein is intended to preclude respondents from presenting evidence to establish "exceptional circumstances" or to limit the discretion of the trial court to set time limits for the disclosure of the names of expert witnesses in order to facilitate the orderly disposition of the case in the trial court. Clearly, the court and opposing parties have a legitimate interest in early disclosure of expert testimony to prepare and expedite the trial of the action which cannot be thwarted by the self-serving declaration that the party has not yet made the decision of who will be called for trial. Clearly, the length of time since the filing of pleadings should be considered in evaluating claims in this regard.

We therefore vacate the order of the superior court entered May 27, 1975, and remand this case for further proceedings in conformity with this opinion.

---

3. We are not here presented with the question of whether the names of experts consulted must be disclosed where no further discovery is requested.

4. 516 P.2d 1383 (Alaska 1973).

5. *Id.* at 1385.

6. *Id.* at 1386.

7. 536 P.2d 784 (Alaska 1975).

8. *Id.* at 788 (footnote omitted).