James Stroup State Controller Division of Accounts and Control Department of Administration 1525 Sherman St., Room 706 Denver, CO 80203
Dear Mr. Stroup:
This opinion letter is written in response to a letter from Dan Whittemore, dated July 1, 1981, in which he inquired about the legality of disclosure of certain information by the Division of Accounts and Control to credit bureau services.
QUESTION PRESENTED AND CONCLUSION
Does the Division of Accounts and Control have general authority to supply the following information to credit bureau services concerning debts owed to the state:
a. Name and present address of debtor.
b. Amount of debt owed.
c. Length of time the debt is past due.
 My conclusion is a qualified "yes." If information is contained in public records which are open to public inspection under the law and is not subject to a particular exception, it must be disclosed.
ANALYSIS
This opinion is governed by the Public Records Act, C.R.S. 1973,24-72-201 et seq. The Public Records Act regulates access to information. The purpose of the Public Records Act is to permit inspection of writings maintained by state agencies in furtherance of their functions. Information contained in public records is assumed disclosable absent a clear basis for applying one of the statutory exceptions.
The Public Records Act itself exempts certain types of records from disclosure. C.R.S. 1973, 24-72-203(1), (3); 24-72-204(1). For example, the Act exempts the following information from disclosure: (1) medical, psychological, sociological and scholastic achievement data; 2) personnel files; 3) letters of reference; 4) trade secrets, privileged information, confidential commercial, financial, geological or geophysical data furnished by or obtained from any person; and (5) addresses and telephone numbers of students in any public elementary or secondary schools. In addition, other specific statutes preclude release of information contained in certain types of records. For example, information contained in tax records, public assistance records or vital statistic records cannot be disclosed. C.R.S. 1973, 39-21-113(4); C.R.S. 1973, 26-1-114. Cf. EugeneCervi and Co. v. Russell, 31 Colo. App. 525, 506 P.2d 748
(1972).
For purposes of this opinion, trade secrets and confidential commercial information are the most relevant portions of the statute. A trade secret has been defined as "any formula, patent, device, plan or compilation of information which may be used in one's business and which gives a person an opportunity over his competitor." Kodekey Electronics, Inc. v. MechanixCorporation, 486 F.2d 449 (10th Cir. 1973).
The word "commercial," as used in the federal Freedom of Information Act, the federal equivalent of Colorado's Public Records Act, is given its ordinary meaning. AmericanAirlines, Inc. v. National Mediation Board,453 F. Supp. 430, 434 (S.D.N.Y. 1978), rev'd on other grounds,558 F.2d 863 (2d Cir. 1978). The word "commercial" is defined as "related to or dealing with commerce . . . having profit as the primary aim." Webster's Third New InternationalDictionary. Cf. Brockway v. Department of AirForce, 370 F. Supp. 738, 740 (N.D. Iowa 1974), rev'd onother grounds, 518 F.2d 1184 (8th Cir. 1975).
Information is considered confidential if it can cause substantial harm to the person or entity from whom the information is obtained or if disclosure will impair the government's ability to obtain information. National Parksand Conservation Association v. Morton, 498 F.2d 765, 770
(D.C. Cir. 1974).
It appears that the type of information listed in the opinion request generally is not confidential or a trade secret and should be disclosed under the above-stated definitions. However, each request should be reviewed individually to insure that a fact situation peculiar to a particular request does not make the information a trade secret or confidential commercial information.
SUMMARY
Information contained in records which is not exempted from disclosure by the Public Records Act or by specific statutes shall be disclosed.
Very truly yours,
 J.D. MacFARLANE Attorney General
OPEN RECORDS
C.R.S. 1973, 24-32-203
C.R.S. 1973, 24-32-204
ADMINISTRATION, DEPT. OF Accounts Control Div. of
Information contained in public records which is not exempt by the Public Records Act or by specific statutes shall be disclosed.